DOYLE, APPELLANT, *v.* GORE ET AL., RESPONDENTS.

[Argued October 8, 1893.   Decided December 4, 1893.]

APPEAL—*Diminution of record—Amendments to statement.*—A motion to strike from the files a supplemental transcript showing amendments to a statement on motion for a new trial, filed upon the granting of a motion for an order to supply amendments alleged to have been omitted from the original statement, will be denied where there is a dispute as to whether or not such amendments are contained in the original statement, for if they are, the appellant could not be prejudiced by their duplication, and if not, the respondent is entitled to their benefit.

SAME—*Statement on motion for new trial—Time of service.*—A statement on motion for a new trial which is served more than thirty days after an order extending the time of service, although within the period of a subsequent extension which was granted without the consent of the adverse party, will be stricken from the files under section 536 of the Code of Civil Procedure, prohibiting the extension of the statutory time for the preparation of a statement on motion for a new trial to a greater period than thirty days without the consent of the adverse party.

*Appeal from Eighth Judicial District, Cascade County.*

Plaintiff's motion for a new trial was denied by BENTON, J.

On appeal appellant's motion to strike supplemental transcript from the files was denied, and respondents' motion to strike the statement on motion for a new trial from the record was granted.

*Thos. E. Brady*, for the motion.

The order of the trial judge made on May 28th, extending appellant's time to prepare and serve his proposed statement on motion for a new trial to June 21, 1892, was void at least to the extent of time lapsing after June 5th, the last day allowed by law for such service, granting him the full limit of time, and so was the order made on June 18, 1892, entirely void, because it was made after the court had by limitation lost jurisdiction over the entire proceedings on appeal. (*Caney* v. *Silverthorne*, 9 Cal. 67; *Lafferty* v. *Brownlee*, 11 Cal. 132; *Easterby* v. *Larco*, 24 Cal. 180; *Leech* v. *West*, 2 Cal. 95; *Munch* v. *Williamson*, 24 Cal. 170; *Bear River & A. W. Co.* v. *Boles*, 24 Cal. 357; *Jenkins* v. *Frink*, 27 Cal. 337; *Le Roy* v. *Rassette*, 32 Cal. 171; *Campbell* v. *Jones*, 41 Cal. 517; *Cottle* v. *Leitch*, 43 Cal. 322; *Mott* v. *Foster*, 45 Cal. 72; *Chase* v. *Evoy*, 58 Cal. 351; *Clark* v. *Crane*, 57 Cal. 630.)

*Donovan & Lyter*, contra.

PER CURIAM.—This case is appealed to this court from the judgment, and from an order of the trial court overruling plaintiff's motion for a new trial. Certain motions have been interposed by both parties concerning the record on file herein. The first by respondents, suggesting a diminution of the record, and moving this court for an order to supply certain amendments of the statement on motion for new trial and a bill of exceptions, which respondents claim were omitted in making up the record now on file here. This motion is accompanied by an affidavit setting forth that certain amendments were proposed, and allowed, and ordered to be incorporated in the record by the trial judge, and that a bill of exceptions was also made by respondents, all of which have been omitted from the record. Thereupon respondents' motion was granted, and, in compliance with the order made, the clerk of the trial court has certified to this court a supplemental record, containing the amendments which appear to have been proposed to the statement on motion for new trial, and allowed by the trial court in the settlement of said statement, and ordered to be incorporated therein: Upon the filing of said supplemental transcript, appellant's counsel interposed a motion to strike the

supplemental record from the files of this court, on the ground that the original statement on motion for new trial contained all the amendments proposed by respondents and allowed by the trial court on the settlement of the statement on motion for new trial. The respondents insist, on the contrary, that the original statement does not contain such amendments, and the certificate of the clerk and judge of the trial court attached to the supplemental record appear to support respondents in this contention.

In our opinion, this motion to strike said supplemental record from the files should be denied. If the amendments in question were incorporated in the original statement on motion for new trial, as appellant contends, the appearance of the same matter in the supplemental record will introduce nothing new, but will show a mere duplication of the matter, and no injury or inconvenience can result to appellant therefrom. While, on the other hand, if any such amendments as were allowed by the trial court are omitted from the original statement, as contended by respondents, they should have the benefit of the same in the supplemental record.

The next point for consideration is the motion of respondents to strike from the record the statement on motion for new trial, on the ground that the same was not prepared and served within the time required by statute. It appears from the statement on motion for new trial, as settled and allowed, that the trial closed and judgment was rendered April 21, 1892. Thereupon plaintiff, against whom the judgment was rendered, made and served notice of intention to move for new trial, within the time prescribed by statute, April 26, 1892; and the court, on April 28, 1892, on motion of plaintiff, extended the time for preparation and service of statement on motion for new trial thirty days from said date. It further appears from the record that on May 28th, on motion of appellant, the trial court again extended the time for preparation and service of said statement, to June 21, 1892; and on June 18, 1892, another order was made by the court, extending the time for the preparation of said statement to June 24, 1892. The statement on motion for new trial was served June 23, 1892. These extensions aggregate fifty-eight days. The first order of extension of time recites that the same was made " without

the consent, advice, or stipulation of defendants or their counsel." Nor does it appear that any of the other orders for extension of time were made by consent of respondents or their counsel. Respondents now move this court to strike out said statement, because of this showing that time was extended more than thirty days without consent of· adverse party; relying on § 536, Code of Civil Procedure, which provides that such extension shall not exceed thirty days without consent of adverse party.

The position of respondents must be sustained. The statement on motion for new trial is therefore stricken from the record, leaving the case for consideration of the judgment-roll on the appeal from the judgment.

### ON REHEARING.

DE WITT, J.—The argument upon rehearing in this case has presented nothing which was not considered on the first hearing. The argument was simply a reiteration of the points passed upon in the original decision.

Counsel call our attention to the case of *Moe* v. *Northern Pac. R. R. Co.*, 2 N. Dak. 282, as being in point. In that case the North Dakota court had under consideration section 5093 of the Compiled Laws of North Dakota, which is as follows: "The court or judge may upon good cause show in furtherance of justice, extend the time within which any of the acts mentioned in sections 5083 and 5090 may be done, or may, after the time limited therefor has expired, fix another time within which any of such acts may be done."

From that case counsel quote as follows: "That the authority conferred by said section to extend the time to settle a bill of exceptions and statement after such statutory period for so doing has expired is not absolute, but such discretion is a sound judicial discretion."

The decision is not in point, and the industry displayed in counsel's brief of this case ought to have shown them that the Dakota cause was not applicable; for the Dakota statute does not provide, as does ours, that such extension shall not exceed a given number of days named by the statute, beyond the time prescribed, without consent. (Code Civ. Proc., § 536.)

Counsel again dwell upon section 298, subdivision 3, Code

of Civil Procedure, in connection with section 536. Those sections, read together, provide as follows: "The party moving for a new trial must, within ten days after the service of notice of intention to move, or such further time as the court or judge may allow, prepare a draft of the statement," etc. (§ 298, subd. 3.)   "But such extension so granted by the court or judge shall not exceed thirty days beyond the time prescribed by this act, without the consent of adverse party." (Code Civ. Proc., § 536.)

The whole provision, therefore, is that the statement must be served within ten days, or such further time as is allowed (not exceeding thirty days) unless there be a consent of parties.

It was said in the Dakota case cited above: "The statutory time limited for giving a notice of intention, and for having bills of exceptions and statement settled, is ordinarily ample for the purpose. It rarely happens that further time is necessary."

So, in our practice, if the party preparing a statement takes the limit, as he may, of all the periods allowed him by statute, and the extensions by the court, he has ample time in which to prepare his statement. For, to commence with, he has ten days after the verdict of the jury to file and serve his notice of intention. (Code Civ. Proc., § 298.) He then has ten days after the service of this notice to serve his statement. (Code Civ. Proc., § 298, subd. 3.) Then, again, the court or judge may extend the time for thirty days more. This gives an aggregate of fifty days.

Counsel again contend that the record does not disclose that the extensions of time were given in the absence of defendants or their counsel, thus arguing that they were impliedly by the consent of the parties. (Code Civ. Proc., § 536.) But, as noticed in the original decision, the first order of extension appears by the record to have been made "without the consent, advice, or stipulation of defendants or their counsel," and it does not appear that any of the further extensions were by consent, and the statute provides that, unless they were by consent, they are prohibited. (Code Civ. Proc., § 536.)

It is our opinion that the original decision should remain as the judgment of this court, and it is so ordered.

PEMBERTON, C. J., and HARWOOD, J., concur.