WALSH ET AL., APPELLANTS, v. MUELLER ET AL., RESPONDENTS.

[Submitted December 14, 1893.  Decided January 22, 1894.]

NEW TRIALS—*Settlement of statement—Waiver of lapse of time.*—Failure to object to extensions of time beyond the statutory period for the settlement of a statement on motion for a new trial, offering amendments, and joining in the settlement thereof without objection, operates as a waiver of the lapse of time for the service of the statement.

SAME—*Service of notice and statement—Attorneys.*—A notice and statement on motion for new trial need not be served on all the attorneys of certain of the respondents, when attorneys representing all the respondents were properly served.

*Appeal from Sixth Judicial District, Meagher County.*

ON MOTION to dismiss appeal.   Denied.

*Toole & Wallace,* for the motion.

*H. G. McIntire,* and *McConnell, Clayberg & Gunn, contra.*

Per CURIAM.—The respondents move to dismiss the appeal from the order of the district conrt denying a new trial.   The first ground of the motion is that the statement on motion for new trial was not served within the time provided by statute, or within the thirty days from the period to which it might be extended.   (Comp. Stats., § 536, p. 201.)

We observe, by the record, that the time was extended very much more than thirty days, and without the consent of the opposite party; and if this were all that appeared, the statement on motion for new trial could not be considered.   (*Doyle* v. *Gore,* 13 Mont. 471.)   But it appeared by the judge's certificate, in settling the statement, that not only no objections were made to these extensions, and the lapse of time, but that the opposing party came in with amendments, and joined in the settlement, without objections.   The lapse of time was therefore waived.   (*Sweeney* v. *Great Falls etc. Ry. Co.,* 11 Mont. 34; *Arnold* v. *Sinclair,* 12 Mont. 261.)

Other grounds for dismissing the appeal are urged, in that the notice of motion and statement on motion for new trial was not served on all the attorneys for certain defendants. Messrs. Waterman and Callaway were attorneys for certain defendants.   Mr. T. C. Bach was attorney for certain other defendants.   The objection is made of want of service upon Messrs. Waterman and Callaway, and Mr. T. C. Bach.   But the papers were served on Messrs. Toole and Wallace, who, we think it sufficiently appears from the records and appearances, were attorneys for all the defendants.

The motion is denied.