COQUARD, Respondent, *v.* WEINSTEIN, Appellant.

[Submitted March 18, 1895. Decided March 25, 1895.]

Appeal—*Bill of exceptions—Settlement.*—An objection that the court had no jurisdiction to settle a bill of exceptions is waived by a party who is present and participates in the settlement without urging the objection. (*McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15; *Walsh* v. *Mueller*, 14 Mont. 76, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

On motion to strike the bill of exceptions from the record. Denied.

*McConnell, Clayberg & Gunn,* for the motion.

*Cole & Whitehill, contra.*

De Witt, J.—The respondent moves to strike from the record the bill of exceptions therein contained, for the reason

that the judge who signed and settled the same had no jurisdiction so to do.  The case was tried June 21, 1893.  On June 23d the court made an order granting thirty days' time to prepare and file a bill of exceptions.  The defendant, the appellant, served a bill of exceptions on respondent's counsel on July 17, 1893.  They filed the bill of exceptions with the clerk for the judge on July 23, 1893.  On the same day the respondent's counsel filed with the clerk their objections and exceptions to the bill of exceptions.  The case was tried by Judge Woody of the fourth district, sitting for Judge Brantley in the third district.  The bill of exceptions was finally settled by Judge Woody October 23, 1893.  The terms of the third district court were held commencing on the first Mondays of June, September, and November.  This case was tried during the June term.  That term lasted until September 2d, when it was adjourned for the term.

Counsel for respondent, in moving to strike out the bill of exceptions, rely upon section 294 of the Code of Civil Procedure, which is as follows: "All bills of exceptions shall be reduced to form, unless noted by the clerk, and signed during the term in which the same is tried, except in cases where the counsel consent, or the judge, by an entry on the record, directs that it may be prepared in vacation, and signed *nunc pro tunc.* The bill of exceptions must be signed by the judge who tried the cause, and, if he has inadvertently omitted to sign a bill of exceptions, he may, on motion, be permitted to do so, although his term of office has expired, or said office has otherwise become vacant."

It was the proper practice for the respondent to note his objections to the settling of the bill of exceptions, and have the same made a part of the record.  (*Sweeney* v. *Great Falls Ry. Co.,* 11 Mont. 34; *Arnold* v. *Sinclair,* 12 Mont. 261.)

One objection was, that the term at which the case was tried expired and adjourned long prior to the service of said proposed bill of exceptions upon respondent's counsel.  The record does not sustain this objection, for, as observed above, the bill of exceptions was served on the 17th of July, and filed on the 23d, and the term did not finally adjourn until September 2d.

Another objection was, that no order was made by the court

extending the time for preparing and settling the bill of exceptions, and that the court had not, on July 23d, the authority to settle or sign it.    The court extended the time for preparing the bill of exceptions for thirty days, but, as it happened, the term lasted for longer than thirty days, and the bill of exceptions was prepared, not only during the thirty days' extension, but during the term of the court.

The respondent's objection, which he filed to the bill of exceptions, was, that the court had not then (that is, on July 23d) power to settle the bill.    This objection, as so made and filed, we have above seen could not be sustained.    The judge did not settle the bill upon that day, and not until the 23d of October.    When the court did settle the bill the attorneys for the respective parties, the plaintiff and defendant, appeared and argued the question of the settlement of the bill.    The respondent did not object that the judge had not then (that is, October 23d) power to settle the bill, but was present by his counsel and participated in the settlement.    Therefore, if there were valid reasons for objecting to the settlement of the bill of exceptions on October 23d, we think they were waived. (*Mackay* v. *Montana Union Ry. Co.*, 13 Mont. 15; *Walsh* v. *Mueller*, 14 Mont. 76.)

It is therefore ordered that the motion to strike out the bill of exceptions be denied.

*Motion denied.*

HUNT, J., concurs.