[No. 3,052.]

# A. J. LUCAS v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF MARYSVILLE.

STATEMENT ON MOTION FOR A NEW TRIAL.—If a statement on motion for a new trial is prepared, which omits a specification of the points upon which the moving party will rely, and both parties stipulate that it is correct, and it is filed, the moving party may afterwards, and within the time allowed to file the statement, amend, by adding such specifications, and it is the duty of the Court to settle the same and allow the other party to suggest amendments to make it conform to the truth.

SETTLEMENT OF STATEMENT.—It is the duty of the Court to settle a proposed statement in all cases where the attorneys are unable to agree to it as filed, no matter what reasons exist which render them unable to agree to it.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The judgment was rendered February 22d, 1871, and the notice of intention to move for a new trial was filed and served March 3d, 1871. Twenty days additional time were given to file statement.

The other facts are stated in the opinion.

*J. G. Eastman, Chas. E. Filkins*, and *G. N. Sweezy*, for Appellants.

*Van Clief & McCann*, for Respondent.

By the Court, WALLACE, C. J.:

Upon the trial of the action the plaintiff had judgment. The defendants gave notice of their intention to move for a new trial, and had until March twenty-eighth to file a statement in support of the motion. Intermediate the notice of intention and the twenty-eighth of March a statement was prepared, which set forth the proceedings had at the trial, the admissions made by the parties, the exceptions reserved, etc., but wholly omitted to specify the errors or particular

insufficiencies upon which the motion would be rested.   To this incomplete statement the respective counsel, on the twenty-first of March, appended a stipulation in the following words: "It is hereby agreed between the parties hereto that the foregoing statement on motion for a new trial is a true and correct statement."   On March twenty-seventh the defendants placed a statement on file, which statement was made up of the stipulation and the matter to which it had been appended in the first instance, and also of a specification of errors and insufficiencies, post-fixed and attached by the attorney for the defendant.   The plaintiff not agreeing to the statement as thus filed, an application to the Court was made by the defendant to settle and certify it under the provisions of section one hundred and ninety-five.   This application was denied, on the ground that the only statement which could be regarded on the hearing of the motion for a new trial to be subsequently had was the statement to which the stipulation had been appended, and which, being thereby agreed to, did not require any settlement, and that the specification post-fixed thereto by the defendant could not, in view of the stipulation, be considered or regarded by the Court.   In other words, that the defendant, in filing the stipulated statement, was not to be permitted to annex to it the requisite specification of the grounds of the motion. The defendant excepted to the ruling upon this point, and the motion for a new trial was afterwards denied, "for the reason that there are no specifications of the grounds upon which the defendant will rely set forth in the statement on motion for new trial agreed upon by the parties."

1. The Court should have settled the defendant's statement.   It was upon file, and *as filed* it was not agreed to by the adverse party.   "Such statement, when not agreed to by the adverse party, shall be settled by the Judge, upon notice."   (Sec. 195.)   The duty to settle it results from the fact of disagreement of the parties from whatever cause that

disagreement may have arisen, for it is not until after it has been settled that the statement becomes á part of the record to be considered in determining the motion for a new trial. In the case of *Quivey* v. *Gambert*, 32 Cal. 304, it was held that it was not good practice to strike from the files a proposed statement on motion for a new trial, upon the ground that the right to move had been waived or lost, but that objections to the right of the moving party to be heard upon the motion should be made at the hearing, and the rule in this respect indicated in that case has since then been followed in this Court. There is no practical difference between striking a proposed statement from the files upon the one hand, and refusing to settle it upon the other; in either case the motion is collaterally defeated, and the mischief which it was the purpose of the rule, as laid down in *Quivey* v. *Gambert*, to avert, is substantially the same, for in either case, and in the one no less than in the other, the necessity for two appeals, instead of one, is created—the necessity "to come here twice before the motion for a new trial could get here."

We think that the portion of the one hundred and ninety-fifth section of the Practice Act, already quoted, prescribes the duty of settling the proposed statement in all cases where the parties are unable to agree to it as filed.

2. Inasmuch as upon this view the case must go back for further proceedings upon the motion, it is proper to add that we think that the stipulation of counsel did not preclude the defendant from filing the statement in the form here pursued. The purpose of the stipulation was to facilitate, as far as it might, the settlement of the statement—not to defeat the motion altogether, as it must necessarily do if the city thereby absolutely lost the right to specify the errors or particular insufficiencies which it would rely upon at the hearing.

We think that, notwithstanding the stipulation, such specification might be added, and that the plaintiff, too, was

at liberty, notwithstanding the stipulation, to propose such amendments to the statement as might appear necessary in view of the specifications subsequently appearing to be relied upon in support of the motion. Upon any other construction it would result that upon the one hand the motion must necessarily be defeated altogether for the want of specifications, or upon the other hand the plaintiff be deprived of the opportunity of suggesting amendments rendered necessary in view of the particular specifications presented.

The order denying a new trial, and the order refusing the application to settle the statement, are therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Mr. Justice RHODES dissented.

Mr. Justice BELCHER did not express an opinion.