SWEENEY, RESPONDENT, *v.* GREAT FALLS AND CANADA RAILWAY COMPANY, APPELLANT.

[Argued June 29, 1891.  Decided July 13, 1891.]

PRACTICE—*New trial—Hearing of motion.*—It is error for the trial court to refuse to hear a motion for a new trial upon the objection of the respondent that the statement was not served within the time contemplated by a stipulation of the parties, as the moving party is entitled to a ruling upon his motion upon the basis on which it is presented, although such objection would be fatal to motion when heard.

*Appeal from Eighth Judicial District, Cascade County.*

Defendant's motion for a new trial was denied a hearing by BENTON, J.

Statement of facts, prepared by the judge delivering the opinion.

On a trial of this case January 27, 1891, a verdict was returned in favor of plaintiff, on which a judgment on the same day was entered for plaintiff against defendent for seven thousand five hundred dollars. On February 2, 1891, the defendant filed and served its notice of intention to move for a new trial. On the 3d of February, 1891, the following stipulation was entered into in open court between the counsel for the respective parties: "Stipulated by attorneys Taylor and Pigott that defendant have until April 1st to make and serve statement and bring on motion for a new trial." Taylor was attorney for defendant and Pigott for plaintiff. On March 31st defendant filed with the clerk, and served on the plaintiff's attorneys, his statement on motion for a new trial. April 1st, in open court, defendant presented the statement to the judge, and asked that it be settled, and the motion for a new trial be heard. To this the plaintiff objected, on the ground that service was not had upon him in time to bring said cause to a hearing on April 1st, as contemplated by the stipulation. The application to settle the statement was denied, and the court also refused to hear the motion for the new trial for the reason set forth in the plaintiff's objection. Defendant offered and moved the court to extend the time to enable plaintiff to prepare and serve amendments to the statement, and to extend the time for settling the statement and hearing the motion. The court held that the defendant had not complied with the stipulation, in that he had served and filed the statement on March 31st, and called up the motion on April 1st, and that on account thereof, and of the said stipulation, the court had no jurisdiction or authority to extend the time or pass upon the motion. Afterwards, on April 11th, ten days having expired since the statement was served on plaintiff, and no amendments being served, the judge settled the statement, and certified it. On April 20th, five days' notice having been given to plaintiff, the defendant brought his motion for a new trial before the court, and moved that the same be heard; upon which the court made the following order: "That the motion for a new trial be denied a hearing on the ground that February 3, 1891,

it was stipulated that such motion should be heard April 1st."
Defendant appeals from the order of the court of April 1st,
refusing to hear his motion for a new trial, and also from the
order of April 20th, refusing to hear such motion.

*W. A. Barr*, and *Geo. W. Taylor*, for Appellant.

*Baum & Bishop*, for Respondent.

DE WITT, J.—It appears that the respondent made objec-
tions to the time of serving the statement on motion for a new
trial, and to the hearing of the motion. The court wholly
refused to hear the motion. This was not the proper practice.

In *Quivey* v. *Gambert*, 32 Cal. 309, the court says: "A party
moving for a new trial is entitled to a ruling upon his motion
upon the basis upon which he presents it, in order that he may
have and enjoy unembarrassed his right of appeal to this court.
If his notice or statement has not been served or filed within
time, that is a good reason why his motion should be denied
when finally brought to hearing, but, under the method of pro-
cedure prescribed by the Code, it is not intended that the record
upon which the motion is made may be first stricken out, and
the motion then denied. Such a course is, in effect, a denial of
any hearing upon the motion, and of an appeal to this court
where an appeal is given. . . . . If the notice and statement,
or either of them, is not filed within time, he [respondent] may
safely rely upon such facts as fatal to the motion, when brought
to a hearing. If, however, as is generally the case, there is some
doubt as to whether they are within time, and he does not desire
to take any risk, he may propose amendments without waiving
his right to object that they are not within time, by a simple
preface that he does so without prejudice to his right to object
at the hearing to the notice or statement upon those grounds.
By so doing he waives nothing. On the contrary, he preserves
all his rights in the premises. The court will then proceed to
settle the statement, and at the hearing pass upon the objections
so reserved. If the motion is denied, an appeal can be taken
to this court, where the whole matter can be reviewed upon the
record upon which the court below heard the motion. Such is
the plain and obvious course prescribed by the statute, and no

departure from it can be indulged, without, as we have seen, mischievous if not absurd results."

In *Lucas* v. *Marysville*, 44 Cal. 212, we find: "In the case of *Quivey* v. *Gambert*, it was held that it was not good practice to strike from the files a proposed statement on motion for a new trial, upon the ground that the right to move had been waived or lost, but that objections to the right of the moving party to be heard upon the motion should be made at the hearing; and the rule in this respect, indicated in that case, has since then been followed in this court."

Mr. Hayne, in commenting upon these cases, adds: "The objection that the proposed statement was not in time must be reserved before proposing amendments; if not, it is waived, and cannot afterwards be made, either on motion to strike out the statement or in any other manner. When reserved, the objection must (if not sustained at the settlement) be incorporated in the settled statement, together with the matter in its support. If it be not so incorporated, the presumption is that the proposed statement was in time, and that all the proceedings in its preparation were regular. This presumption is conclusive; for the statement, when certified and filed like other records, imports absolute verity, and cannot be contradicted or added to by affidavits upon a motion to dismiss, or in any other manner. The objection must therefore be apparent upon the face of the statement itself; and, if so apparent, it is manifest that it may be urged as a reason why the motion for a new trial should be denied, both in the lower court on the hearing of the motion, and in the Supreme Court on appeal from the order granting or refusing a new trial. This being the case, the inauguration of a separate line of proceedings by a separate motion to strike out the statement, or a motion to dismiss the motion for a new trial, is not only utterly useless, but is open to the very grave objection of involving two appeals before the motion for a new trial can get to the Supreme Court."

If it be improper to strike out a statement, or to dismiss the motion for a new trial, and if the moving party is entitled to a hearing of his motion, the District Court in the case at bar certainly erred in refusing to hear appellant's motion. The court should have heard any objections that the plaintiff might

offer to the proposed statement, and incorporated the same in the statement. A record of the whole matter would have then been preserved for the review of this court on appeal. It appears from this record that the judge below settled the statement.

It is therefore now ordered that the order of the District Court refusing to hear the motion for a new trial be reversed, and the case is remanded to that court, with directions to hear and determine that motion. There is also before us an appeal from the judgment. We will not pass upon that appeal until the District Court has opportunity to decide the motion for a new trial in accordance with the views above expressed.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.