# IN RE APPLICATION OF PLUME FOR LEAVE TO PROVE EXCEPTIONS.

[No. 1,415.]

[Submitted June 2, 1899. Decided June 6, 1899.]

*New Trial—Statement on Motion for New Trial—Delay—Mandamus—Appeal.*

Code Civil Procedure, Section 1157, and Supreme Court Rule 4, Subdivision 14, providing that where the judge refuses to settle a proposed statement to be used on motion for a new trial in accordance with the facts the party aggrieved may apply to the supreme court for leave to prove such statement before a referee, or by deposition, does not apply to a refusal to settle the statement because of unreasonable delay, as the remedy in that case is by mandamus; or, *Semble:* Since the order was made after final judgment, the remedy by appeal might be resorted to.

ON THE application of D. J. Plume for leave to prove exceptions. Application dismissed.

*Mr. H. G. Swaney,* for petitioner.

PER CURIAM.—Original proceeding. The petitioner makes application to this court for leave to prove before a referee, or by deposition, the facts in relation to a statement of the case on motion for a new trial. The application is made under Section 1157 of the Code of Civil Procedure and Subdivision 14 of Rule IV of this court.

The petition discloses that a judgment of nonsuit was entered against the plaintiff (petitioner) on the 15th day of February, 1898; that thereafter plaintiff duly filed and served a notice of his intention to move for a new trial of the cause; that subsequently he served a draft of his proposed statement of the case, to which defendant proposed amendments; that the plaintiff, not adopting the amendments, delivered the proposed statement and amendments to the clerk for the judge, in accordance with the provisions of Subdivision 3 of Section 1173 of the Code of Civil Procedure; that on the 2d day of May, 1899, the proposed statement, with the amendment, was presented to the judge, and that on May 13, 1899, an order was entered refusing to settle the statement, upon the ground that unreasonable time had elapsed since the statement was presented to the clerk of the court, to the making of which order the plaintiff excepted.

Neither Section 1157 nor the rule of this court above referred to is applicable to this proceeding, for the section and the rule have in contemplation those instances only where the judge, while willing to settle a statement or bill, refuses to allow an exception in accordance with what the party aggrieved claims are the facts. Neither has reference to the action of the judge refusing to settle any bill or statement whatever upon the ground of unreasonable delay in seeking settlement. The petitioner has mistaken his remedy. If the judge or court below abused his or its discretion in making the order by which a settlement was refused, *mandamus* will lie; or, since the order was made after final judgment, the tedious remedy by appeal from that order might, perhaps, be resorted to. It is well established, at least, that *mandamus*, being speedy as well as plain and adequate, is an efficient remedy in such case. (*Careaga* v. *Fernald*, 66 Cal. 351, 5 Pac. 615; *Brown* v. *Prewett*, 94 Cal. 502, 29 Pac. 951; *Flagg* v. *Puterbaugh*, 98 Cal. 134, 32 Pac. 863; *People* v. *Bitancourt*, 74 Cal. 188, 15 Pac. 744; *People* v. *Lee*, 14 Cal. 510; *Hicks* v. *Masten*, 101 Cal. 651, 36 Pac. 130; Hayne on New Trials and App. Sec. 146, Subd. 2, pp. 404–410; *Id.*

Sec. 155, Subds. 1, 2, pp. 450–457.)   In *Ayotte* v. *Thomas*, 20 Mont. 223, 50 Pac. 553, the record showed that the judge below simply declined, without entering any order to that effect, to settle the statement, for the reason that it was not served in time, and the opinion does not disclose that the refusal was made after a final judgment.   We do not decide whether in the matter now before us an appeal lies from the order refusing to settle the statement, nor do we think that the Ayotte case is an authority either for or against the existence of the right to appeal from such an order as the one attempted to be presented in the proceeding before us.  If appeal is a proper remedy, it is not, as is *mandamus*, speedy.

The motion of the petitioner is denied, and the application is dismissed.

*Dismissed.*