BEACH ET AL., RESPONDENTS, v. SPOKANE RANCH AND WATER COMPANY, APPELLANT.

(No. 1,363.)

(Submitted April 15, 1901. Decided June 3, 1901.)

*Appeal and Error—New Trial—Statement—Striking Out—Appealable Order—Service—Presumption—Plaintiff's Exceptions—Defendant's Appeal—New Trial.*

| | |
|---|---|
| 25 | 367 |
| s25 | 380 |
| 25 | 367 |
| L26 | 156 |
| 26 | 376 |
| f26 | 382 |
| 25 | 367 |
| 27 | 96 |
| 27 | 98 |
| 25 | 367 |
| 28 | 444 |
| 28 | 445 |
| e28 | 581 |
| 25 | 367 |
| e30 | 369 |
| 25 | 367 |
| s29 | 270 |
| s29 | 271 |
| 25 | 367 |
| 31 | 465 |
| 25 | 367 |
| f33 | 472 |
| 34 | 486 |
| 25 | 367 |
| 35 | 421 |
| 36 | 415 |
| 25 | 367 |
| 38 | 235 |
| 25 | 367 |
| f39 | 344 |

1. Under Code of Civil Procedure, Sec. 1722, Subd. 2, providing that appeals may be taken to the supreme court from any special order made after final judgment, an order striking out the statement on motion for a new trial is appealable.
2. Where a statement on motion for a new trial has been allowed and settled by the trial court, the appellate court will presume, in the absence of evidence to the contrary, that it was duly served on the adverse party; but this presumption does not obtain where the statement or bill upon its face shows that the service was made too late, and that seasonable objection to it was interposed upon that ground.
3. A statement on motion for a new trial which has been settled, certified and filed cannot be stricken from the record or files on the ground that the draft of the statement was not served in time.
4. Where plaintiff's bill of exceptions was made up entirely of matters occurring after the entry of final judgment, it was no part of the judgment roll, and hence would not be considered on defendant's appeal from an order denying a new trial.
5. Objections to the settlement of a statement on motion for a new trial must be incorporated in the statement, to form part of the record on appeal from the order denying the new trial.
6. Where a statement on motion for a new trial was erroneously stricken from the record by the trial court, such proceeding would vitiate the order denying a new trial, since the motion therefor rested on the statement.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by Calvin Beach, an insane person, by Elizur Beach, his guardian, and others, against the Spokane Ranch & Water Company. From an order striking out the statement on motion for a new trial, and from an order denying a new trial, defendant appeals. Reversed.

*Messrs. Sanders & Sanders* and *Messrs. Toole & Bach,* for Appellant.

*Messrs. McConnell & McConnell,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

Two phases of this cause are reported in 21 Montana at pages 7 and 184 (52 Pac. 560, 53 Pac. 493). It is now here on appeal from an order striking from the file the statement on motion for a new trial, and from an order refusing a new trial, presented by the same record. Judgment for the plaintiffs was entered on July 3, 1897. Thereafter the statement on motion for a new trial was settled, certified as allowed, and filed. On October 15, 1898, the motion for a new trial coming on to be heard, the plaintiffs orally moved that the statement be stricken out because not served in time. The two motions were submitted together. On October 17, 1898, the court granted the motion of the plaintiffs to strike off the statement so settled, certified and filed, and at the same time denied the motion for a new trial. The defendant appeals.

1.   When made after entry of final judgment, an order striking out the statement on motion for a new trial is an order from which an appeal may be taken. (Subdivision 2 of Section 1722 of the Code of Civil Procedure; *Beach* v. *Spokane Ranch & Water Co.,* 21 Mont. 7, 52 Pac. 560; *Calderwood* v. *Peyser,* 42 Cal. 110; *Sutton* v. *Symons,* 100 Cal. 576, 35 Pac. 158;

*Symons* v. *Bunnell,* 101 Cal. 223, 35 Pac. 770.) That such an order is appealable is well settled in this jurisdiction and in California, the statute in each prescribing that an appeal lies from any special order made after final judgment.

2. The presumption is raised by the judge's certificate allowing the statement or bill on motion for a new trial that all the precedent steps were regularly taken (*Murray* v. *Hauser,* 21 Mont. 120, 53 Pac. 99), and must be indulged in favor of the regularity of official action when the record is silent as to service or waiver and even where the statement or bill discloses that it was not served within the period prescribed by the statute and fails to show any enlargement of time. This presumption may be rebutted by the matter contained in the statement itself, —perhaps the accurate expression is that the presumption does not obtain where the statement or bill upon its face shows that the service was made too late and that seasonable objection to it was interposed upon that ground. In the absence of such disclosure, the certified statement or bill raises the conclusive presumption that a draft of the proposed statement, or a copy of the draft, was duly served. (*Murray* v. *Hauser, supra.* See Hayne on New Trials & App. p. 402, Sec. 146.)

When a proposed statement or bill on motion for a new trial appears to have been served out of time, the judge to whom it is presented may, unless waiver of default also appears, rightly refuse to settle it. (*In re Application of Plume,* 23 Mont. 41, 57 Pac. 408.) In such case he may either settle or refuse to settle. If he settles it, his certificate of allowance is not appealable. (*Henry* v. *Merguire,* 106 Cal. 142, 39 Pac. 599.) His refusal to settle and certify is also nonappealable, as was held in *Ayotte* v. *Thomas,* 20 Montana, 223 (50 Pac. 553), which case was commented on in *In re Application of Plume, supra*; and in *Whipple* v. *Hopkins,* 119 California, 349, 51 Pac. 535 (which seems to overrule *Stonesifer* v. *Kilburn,* 94 California, 33, 29 Pac. 332), it was held that even an order refusing to settle is nonappealable. As was declared in *Ayotte* v. *Thomas* and in *In re Application of Plume, supra, mandamus* is the

efficient remedy whereby to test the action of the judge in refusing to settle or certify, and although determination of the question whether *mandamus* was the remedy did not necessarily arise in the latter case (*Harding* v. *McLaughlin,* 23 Mont. 336, 58 Pac. 865), and was not essential to a decision of the former, the correct practice was indicated by each. If the judge is willing to settle the bill or statement, he should, before certifying it, permit to be incorporated into it any objections to the settlement, together with the matter in support of the objections; for example, if the defendant has served his proposed statement on the eleventh day after filing and serving notice of intention to move for a new trial, and the plaintiff, before or at the time he offers amendments, objects, or preserves his right to object, to a settlement because of delay in service or to urge the delay as a reason why a new trial should be denied, the objections should be embraced in the statement when settled; if the objection is well taken, a new trial ought to be refused upon the ground that the statement was not served in time; and where the plaintiff does not offer amendments, but objects to a settlement for the reason that the statement was not served in time, and it appears from the proposed statement, or from the facts shown at the settlement, that service was made without the time prescribed by the statute or beyond the time as enlarged by the court or judge or by act or waiver of the plaintiff, the duty devolves upon the defendant, if he would answer the objection, to incorporate into the statement such matter as may exist which will excuse or justify his seeming delay (*Wheeler* v. *Karnes,* 125 Cal. 51, 57 Pac. 893), and, unless this be done, the motion for a new trial ought to be denied. Such a statement is part of the record on appeal, and hence, if the strictly proper and technical practice be followed, it will not be stricken out of the transcript filed here, but will be examined in this court to such an extent only as may be necessary to determine that the statement was served out of time. We pause to observe that the loose practice has prevailed in this court of moving to strike from the transcript on appeal parts

of properly certified records.    Such motions have frequently
been granted, but, while no objection has been made to the prac-
tice, and no substantial injury resulted, it is certainly manifest
that no part of a certified record on appeal should be eliminated
from the transcript.    None of the properly authenticated and
certified papers authorized or required to be furnished to this
court upon appeals ought ever to be stricken out when presented
in conformity with the rules.    Their place is in the record.
Their effect is properly a matter for determination upon con-
sideration of the case upon the entire record; for example, the
notice of intention to move for a new trial is not one of the
papers constituting the judgment roll, nor is it one of the papers
described in Sections 1176 and 1738 of the Code of Civil Pro-
cedure as required to be furnished on appeal from an order
granting or denying a new trial,—it is therefore no part of the
record on appeal, and hence will be stricken out even if formally
certified by copy, as was done in *Carr, Ryder & Adams Co.* v.
*Closser,* 25 Montana, 149, 63 Pac. 1043; if, however, the notice
of intention to move for a new trial be included in a statement
or bill of exceptions on motion for a new trial, it is thereby
made a constituent part of the record on appeal, and should not
be stricken out even though it may have been served or filed out·
of time and must be disregarded upon the submission of the
case.    So with a statement or bill of exceptions used on the hear-
ing of a motion for a new trial; when certified and brought to
this court in the regular mode, it is part and parcel of the record
on appeal and is entitled so to remain, although, because of
some defect or invalidity, such a failure to contain a specifica-
tion of the particulars in which the evidence is insufficient, it
may not be capable of subserving the purpose for which it was
intended or must be disregarded because a draft of the proposed·
statement was not served in time.

It seems to be settled that the mere form of expression or
language in which the objection for want of timely service may
be couched is unimportant.    The objection must clearly appear,
but it is sufficient if it appear by unmistakable inference so that

the party moving for a new trial may come to the settlement of the statement prepared with matter (if any there be) excusing the delay. (Hayne on New Trials & App. p. 394, Sec. 145.) In *Cottle* v. *Leitch,* 43 California, 320, the plaintiff offered an amendment to the defendant's proposed statement, "without waiving any right to move to deny said motion on the ground that defendant's statement was not filed in time," but there was nothing to show that he protested against the settlement; the court held that the objection was sufficient in form and was seasonably interposed, and that the trial court erred in granting a new trial, saying: "No particular form of reserving the objection, however, is prescribed. It is enough that it is pointed out as an objection upon which the party intends to rely in resisting the motion for a new trial. The phrase here employed, 'without waiving any right to move to deny said motion on the ground that defendant's statement was not filed in time,' though somewhat inartificial in expression, must be taken as substantially importing a reservation of the objection that the statement came too late, and the objection as thus pointed out on the record must be considered to have been overruled by the court below in granting the motion for a new trial." In *Doyle* v. *Gore,* 13 Montana, 471 (34 Pac. 846), the trial court made an order extending the plaintiff's time for serving the statement for thirty days, "without the consent, advice or stipulation of defendants or their counsel," and afterwards made other orders, which did not appear to have been by consent, further extending the time. The statement was certified, and a new trial refused. This court struck the statement from the record on appeal because the time was extended more than thirty days without defendants' consent, and the natural inference from the opinion is that no objection was made by the defendants other than the one implied by the recital to the effect that the first order was without their consent; but the record on file in this court shows that the defendants in offering amendments to the proposed statement reserved the right to object to the granting of a new trial for the reason that the statement was

not served within the time prescribed by law, and that such objections together with the matter in support of them were part of the record on the new-trial motion. In *Woodard* v. *Webster,* 20 Montana, 279 (50 Pac. 791), the objections to a statement on motion for a new trial and the matter in support of them were made part of the statement as settled and certified; and in *Power* v. *Lenoir,* 22 Montana, 169 (56 Pac. 106), the objections were made part of the statements on motion for a new trial.

It is of course manifest that where the application for a new trial is made upon affidavits and a statement or bill, the latter may have been served in time and the former not, and *vice versa.* Objections to the untimely service of affidavits must be incorporated into the bill of exceptions containing the affidavits, or the substance of them. For instance: If a new trial be granted on motion of the plaintiff, the defendant must see to it that his bill of exceptions contains his objections to the consideration of the affidavits, and the plaintiff also must cause to be inserted into the bill whatever he may have shown to excuse his seeming default in making timely service. If a new trial be refused, then the plaintiff must take the bill, into which the defendant will incorporate his objections, together with the matter in support of them, and, if a *prima facie* default in the time of service is disclosed, the plaintiff must insert whatever tends to prove that the service was made in time. It may be observed, in passing, that under Sections 1176, 1738 and 1739 of the Code of Civil Procedure, the affidavits need not be presented by a bill if the attorneys certify to the copies furnished on appeal to this court. Unless so certified by the attorneys or included in a bill of exceptions, the affidavits are not part of the record on appeal; this is the inevitable conclusion to be deduced from *State ex rel. Pierson* v. *Millis,* 19 Montana, 444 (48 Pac. 773), and *Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Montana, 557 (49 Pac. 395).

In the case at bar the statement on motion for a new trial was settled, certified as allowed, and filed. It was a record of the district court of the same dignity as a bill of exceptions and

performed a like office. It was the basis of the application for a new trial. It, together with such parts of the judgment roll as were proper to be considered in determining whether a re-examination of the issues of fact ought to be had, constituted the record upon which the court below was authorized to act. Nothing else could properly be used on the hearing of the motion. This statement the court below struck out upon the ground that the draft of the proposed statement was not served in time. The court erred. If the statement was out of time as to service, proper practice required the judge to refuse a settlement, or to settle it and then deny the motion for a new trial for the reason that timely service had not been made,—we do not mean to say that the order denying such motion must expressly indicate the ground upon which it is made, for every legitimate intendment will be indulged in support of the order; but to strike from the record or files the certified statement because not served in time, is always erroneous (*Quivey* v. *Gambert,* 32 Cal. 304; *Calder-wood* v. *Peyser, supra; Lucas* v. *City of Marysville,* 44 Cal. 210), and necessarily prejudicial to the party moving for a new trial. The question is not an open one in Montana. In *Swee-ney* v. *Great Falls & Canada Railway Co.,* 11 Montana, 34 (27 Pac. 347), this court, quoting from *Quivey* v. *Gambert,* and *Lucas* v. *City of Marysville, supra,* and from Hayne on New Trials and Appeals, said: "A party moving for a new trial is entitled to a ruling upon his motion upon the basis upon which he presents it, in order that he may have and enjoy unembar-rassed his right of appeal to this court. If his notice or statement has not been served or filed within time, that is a good reason why his motion should be denied when finally brought to hearing; but, under the method of procedure prescribed by the Code, it is not intended that the record upon which the motion is made may be first stricken out, and the motion then denied. Such a course is, in effect, a denial of any hearing upon the motion, and of an appeal to this court where an appeal is given. If the notice and statement, or either of them, is not filed within time, he [respondent] may safely rely upon such

facts as fatal to the motion, when brought to a hearing. If, however, as is generally the case, there is some doubt as to whether they are within time, and he does not desire to take any risk, he may propose amendments without waiving his right to object that they are not within time, by a simple preface that he does so without prejudice to his right to object at the hearing to the notice or statement upon those grounds. By so doing he waives nothing. On the contrary, he preserves all his rights in the premises. The court will then proceed to settle the statement, and at the hearing pass upon the objections so reserved. If the motion is denied, an appeal can be taken to this court, where the whole matter can be reviewed upon the record upon which the court below heard the motion. Such is the plain and obvious course prescribed by the statute, and no departure from it can be indulged, without, as we have seen, mischievous if not absurd results. \* \* \* In the case of *Quivey* v. *Gambert* it was held that it was not good practice to strike from the files a proposed statement on motion for a new trial upon the ground that the right to move had been waived or lost, but that objections to the right of the moving party to be heard upon the motion should be made at the hearing; and the rule in this respect indicated in that case has since then been followed in this court. \* \* \* The objection that the proposed statement was not in time must be reserved before proposing amendments; if not, it is waived, and cannot afterwards be made, either on motion to strike out the statement or in any other manner. When reserved, the objection must (if not sustained at the settlement) be incorporated in the settled statement, together with the matter in its support. If it be not so incorporated, the presumption is that the proposed statement was in time, and that all the proceedings in its preparation were regular. This presumption is conclusive; for the statement, when certified and filed like other records, imports absolute verity, and cannot be contradicted or added to by affidavits upon a motion to dismiss, or in any other manner. The objection must therefore be apparent upon the face of the statement itself; and, if so apparent, it is manifest

that it may be urged as a reason why the motion for a new trial should be denied, both in the lower court on the hearing of the motion, and in the supreme court on appeal from the order granting or refusing a new trial. This being the case, the inauguration of a separate line of proceedings by a separate motion to strike out the statement, or a motion to dismiss the motion for a new trial, is not only utterly useless, but is open to the very gave objection of involving two appeals before the motion for a new trial can get to the supreme court." Continuing, the court said: "If it be improper to strike out a statement or to dismiss the motion for a new trial, and if the moving party is entitled to a hearing of his motion, the district court in the case at bar certainly erred in refusing to hear appellant's motion. The court should have heard any objections that the plaintiff might offer to the proposed statement, and incorporated the same in the statement. A record of the whole matter would have then been preserved for the review of this court on appeal. It appears from this record that the judge below settled the statement." Upon this point the Sweeney Case is approved in *Arnold* v. *Sinclair,* 12 Montana, at page 261 (29 Pac. 1124), and we believe that since the decision in the former case the practice has conformed to the rule therein announced.

But the plaintiffs insist that this court should consider their bill of exceptions settled on December 28, 1897, showing, as they contend, that in offering the amendments to the proposed statement they reserved the right to object to a settlement and to object to the statement at every stage of the proceedings to be thereafter taken, by reason of the failure to serve it in time, that they did so object before the statement was finally settled, and that the judge overruled the objections and refused the plaintiffs' request to incorporate them into the statement which was then in process of settlement, to which the plaintiffs excepted. In answer to this contention we deem it sufficient to say that even if the plaintiffs' bill of exceptions is, by virtue of Section 1737 of the Code of Civil Procedure, a part of the

record to be furnished on appeal from the order striking out
the certified statement (a question not necessary to be decided
at this time), the order, tested by the principles and rules an-
nounced, was erroneous and must be reversed, for "a party
moving for a new trial is entitled to a ruling upon his motion
upon the basis upon which he presents it, in order that he may
have and enjoy unembarrassed his right of appeal to this court,"
and that the objections contained in the bill of the plaintiffs
cannot be considered on appeal from the order denying a new
trial, unless incorporated into, and thereby made part of, the
statement as settled and certified.  The statement and such parts
of the judgment roll as are pertinent to the questions raised by
the motion, together with copies of the order and notice of
appeal, constitute the record on appeal from the order denying
a new trial; since the plaintiffs' bill of exceptions was made
up entirely of matters occurring after the entry of final judg-
ment, it could not be part of the judgment roll as defined by
Section 1196 of the Code of Civil Procedure, nor does it seem
to be such a bill as is referred to in Section 1176, for the bill
there prescribed as part of the record on appeal from an order
granting or refusing a new trial is the bill taken by the party
appealing.  Exceptions reserved by the respondent may not be
considered. (*Sherman* v. *Nason,* 25 Montana, 283, 64 Pac. 768),
nor was it necessary for the plaintiffs to except to the over-
ruling of their objections to the settlement in order to preserve
the benefit of the objections, for the office of the objections and
the matter in support of them was to disclose whether the state-
ment proposed had been seasonably served,—such objections,
when overruled, need not be followed by an exception.  The
statement, if settled, was the only legitimate place for the ob-
jections, and unless incorporated therein they form no part of
the record on appeal from an order denying a new trial.  They
must appear upon the face of the certified statement, and it is
the duty of the judge to permit them so to be shown.  The order
striking out the statement removed the very foundation upon
which the motion for a new trial rested; there was then nothing

for the court to do but to deny the motion or to postpone the hearing of it until the supreme court had decided whether the order striking out the statement was erroneous. Perhaps it might plausibly be suggested that, although the order striking out the statement should be reversed, the order denying a new trial should be affirmed because there was before the court when the motion was submitted nothing upon which a new trial could be granted; but counsel have not made the suggestion, and we assume that the law does not intend such seemingly absurd and unjust result to be incident to the exercise of the statutory right of appeal from each order. The error committed in striking out the statement was fundamental, and vitiated the order denying a new trial.

The order striking the statement from the file is reversed, the order denying a new trial is set aside, and the cause is remanded, with directions to restore to the file the statement on motion for a new trial, to proceed in conformity with the views expressed in this opinion, and to hear and determine the motion for a new trial.

*Reversed and remanded, with directions.*

MR. CHIEF JUSTICE BRANTLY: I concur.

MR. JUSTICE MILBURN: I concur. The action of the court below in sustaining one motion and in denying the other was intended, doubtless, to be one act, to-wit, a denial of the motion for a new trial upon the ground that the statement was not filed in time. If the statement was not filed in due time, the intent of the court was correct; but to strike the statement, and then deny the motion because there was no statement, was to set up, inadvertently, I doubt not, a state of things which technically left the appellant without remedy, if we must hold the court to be correct in its ruling denying the motion for a new trial. To uphold the court under such circumstances would be to declare that, this court having held that the remedy for error in striking a statement is by appeal, to appeal is futile in every

such case.   The decision in this case should not be understood as establishing a precedent, but merely as the law of this case under the peculiar circumstances thereof,—not liable to arise again; the parties having by the record and their briefs practically submitted as the only question:   Can a court make an appealable order striking the statement on motion, and then, in effect, refuse to consider the motion for a new trial because it has stricken the statement, thus forcing the losing party to two appeals, neither of which can eventually avail the appellant if the court was in error when striking the statement? There is no wrong without a remedy, and in the absence of statute, rule or precedent to govern this court in the matter, I concur in the conclusion reached by Mr. Justice Pigott as just, although it appears to me that the rule, so far as it directs the court to hear the motion on new trial, would be more appropriate in *mandamus* than on appeal.