WRIGHT ET AL., APPELLANTS, *v.* MATHEWS, RESPONDENT.

(No. 1,604.)

(Submitted June 16, 1903.　Decided June 22, 1903.)

*New Trial—Settling Statement—Presentation to Judge—Expiration of Time—Effect.*

1. Under Code of Civil Procedure, Section 1173, providing that, if the amendments to the statement or motion for a new trial prepared by the adverse party are not adopted, the proposed statement and amendments shall, within ten days thereafter, be presented by the moving party to the judge, or delivered to the clerk for the judge, the court must disregard, on appeal, the statement and all questions sought to be presented thereby, when the moving party has failed to comply with such requirement.
2. Where the court's order overruling a motion for a new trial does not indicate the particular ground on which it was made, every legitimate intendment will be indulged to support it.
3. Where the statement on motion for new trial and the defendant's proposed amendments were not presented to the judge within the ten days allowed by Code of Civil Procedure, Section 1173, it was proper to settle the same, and deny the motion for new trial.

*Appeal from District Court, Fergus County; Dudley Du Bose, Judge.*

ACTION by Frank E. Wright and others against Royal B. Mathews. From a judgment in favor of defendant, and an order denying their motion for a new trial, plaintiffs appeal. Affirmed.

*Mr. James Donovan,* for Appellants.

*Messrs. Cort & Worden,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This was an adverse suit instituted in the district court of Fergus county, Montana, pursuant to Section 2326 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p.

1430), to determine the relative rights of the parties to certain mineral lands covered by conflicting claims. Upon the pleadings issues were joined, and the cause tried to the court and a jury. At the close of plaintiffs' case, upon motion of the defendant, the court granted a nonsuit, and entered a judgment in favor of the defendant for costs, from which judgment and an order denying their motion for a new trial the plaintiffs appeal.

The respondent insists that the motion for new trial was properly denied, for the reason that the proposed statement on motion for new trial and the amendments offered thereto were not presented to the judge for settlement, or left with the clerk for the judge, within the time allowed by law or the order of the court. The record discloses that a decision was rendered in the cause on the 7th day of September, 1899, and on that day the plaintiffs were granted thirty days in addition to the time allowed by law to prepare, serve and file their statement on motion for new trial. The statement was served on defendant on October 9th, and on October 17th defendant prepared and served upon the plaintiffs his amendments thereto. Nothing further was done until October 30th, when the proposed statement, with the amendments, were filed with the district clerk, and on October 31st the plaintiffs notified the defendant that they would not accept his proposed amendments. On November 11th plaintiffs gave notice that they would call the matter up for settlement on November 16th. The defendant thereupon filed and served written objection to the settlement of the proposed statement upon the ground that such statement and amendments offered thereto were not presented by the moving parties to the judge, or delivered to the clerk of the court for the judge, within ten days after the date upon which the amendments were served upon them. This objection was by the court considered and overruled, but incorporated in and made part of the statement, and such statement was thereupon settled. On March 24, 1900, the court overruled plaintiffs' motion for a new trial.

Section 1173 of the Code of Civil Procedure provides: "Sec. 1173. * * * (3) If the motion is to be made upon a state-

ment of the case, the moving party must, within ten days after service of the notice, or such further time as the court in which the action is pending or the judge thereof may allow, prepare a draft of the statement and serve the same, or a copy thereof, upon the adverse party. If such proposed statement be not agreed to, by the adverse party, he must, within ten days thereafter, prepare amendments thereto and serve the same, or a copy thereof, upon the moving party. If the amendments be * * * not adopted, the proposed statement and amendments shall, within ten days thereafter, be presented by the moving party to the judge, upon five days' notice to the adverse party, or delivered to the clerk of the court for the judge." The record, then, discloses that the plaintiffs did not comply with the requirements of this section, in this: that they did not, within ten days after October 17th, present the proposed statement and amendments to the judge, or leave them with the clerk for the judge. "A motion for a new trial is a statutory remedy, and can only be invoked in the manner, within the time, and upon the grounds provided for in the statutes." (*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.)

The question raised here is analogous to one where the statement is not served within the time provided by law or the order of the court, and it has become the settled doctrine in this state that a disregard by the moving party of the plain requirements of Section 1173, *supra,* will defeat his right to have the statement considered for any purpose.

The order of the district court overruling the motion for a new trial does not indicate the particular ground upon which it was made, and it is not necessary that it should, for every legitimate intendment will be indulged in favor of the order. If it can be supported for any reason, it will be done. (*Beach* v. *Spokane R. & W. Co.,* 25 Mont. 367, 65 Pac. 106.)

When the statement and proposed amendments, with defendant's objection, were presented to the district judge, he could properly refuse to settle the statement, or he could settle the same, and deny the motion for a new trial. In this instance

he followed the latter course, and in so doing committed no error.  (*Sweeney* v. *Great Falls & C. Ry. Co.*, 11 Mont. 34, 27 Pac. 347; *Power* v. *Lenoir*, 22 Mont. 169, 56 Pac. 106; *Beach* v. *Spokane R. & W. Co.*, *supra*; *Burns* v. *Napton*, 26 Mont. 360, 68 Pac. 17; *Stromberg-Mullins Co.* v. *Dist. Court*, 28 Mont. 123, 72 Pac. 412.)

This disposes of the appeal from the order overruling the motion for a new trial, for, under the circumstances presented by the record, "this court must disregard the statement and all questions sought to be presented thereby."  (*Power* v. *Lenoir, supra.*)

There is in the record before us for consideration then only the judgment roll, and an examination of that discloses no error.

The judgment and order appealed from are affirmed.

*Affirmed.*