VREELAND, RESPONDENT, *v.* EDENS ET AL., APPELLANTS.

(No. 2,387.)

(Submitted April 11, 1907. Decided April 20, 1907.)

(89 Pac. 735.)

*Water Rights—New Trial—Service of Notice—Appeal—Waiver —Findings—Variance.*

Practice—New Trial—Notice—Service—Appeal.
1. Where the notice of intention to move for a new trial was not served within the ten days allowed by statute, the appeal from an order denying the new trial will not, on motion, be dismissed for this reason; but the statement will not be considered by the appellate court for any purpose, and the order will stand affirmed.

Same—New Trial Statement—Settlement—Appeal.
2. The district court proceeded properly in first settling a statement on motion for a new trial, over the objection of counsel that the moving party had not served his notice of intention within the statutory time, and thereafter denying the motion, since thus the motion was determined on the basis upon which it was made,—the notice of intention,—and the right of appeal, upon the same basis, secured to the unsuccessful party.

Same—New Trial Statement—Extention of Time in Which to Prepare—Consent of Counsel—Notice—Waiver.
3. At the time the district court made its decision in a water right suit, counsel for the successful party gave their consent to an order extending the time for the preparation and service of the statement in support of a motion for a new trial for ninety days. Opposing counsel thereafter failed to serve the notice of intention to move for a new trial within the time allowed by statute. *Held,* that assent of counsel to the extension of time within which to prepare the proposed statement, prior to notice, did not constitute a waiver of the service of notice.

Water Rights—Findings—Exceptions—Record—Appeal.
4.  Exceptions, taken to defective findings in a water right suit, will
not be considered on appeal where they are incorporated in a statement
on motion for a new trial to which the court cannot look for any pur-
pose, because of appellant's failure to serve his notice of intention to
move for a new trial within the time allowed by statute.

Same—Implied Findings.
5.  Where the court in a water right suit found generally in favor of
plaintiff, but failed to specifically find as to defendant's rights in the
premises, it will be held, on appeal, to have impliedly found that de-
fendants had only such right to the use of the waters in controversy as
they might acquire by permission of the other appropriators, or in
subordination thereto.

Same—Variance—Prejudice—Appeal.
6.  The judgment in favor of plaintiff in a water right suit will not
be reversed because of an alleged variance between the proof intro-
duced to establish his right and an allegation in his replication, as in-
dicated by a finding of the court, where the record does not disclose
that appellants were misled to their prejudice. The variance will be
deemed immaterial. (Code Civ. Proc., secs. 770, 778.)

*Appeal from District Court, Gallatin County; W. R. C. Stew-
art, Judge.*

ACTION by Frank W. Vreeland against West Edens and an-
other. From a judgment for plaintiff and an order denying a
new trial, defendants appeal. Affirmed.

*Mr. John A. Luce,* for Appellants.

·The findings are not responsive to all the material issues in
the case and do not support the judgment.  (*Campbell* v. *Buck-
man,* 49 Cal. 362; *Kennedy* v. *Berry,* 52 Cal. 87; *Harlan* v. *Ely,*
55 Cal. 340; 2 Spelling on New Trial and Appeal, 591; *Du
Prat* v. *James,* 61 Cal. 361; *Hawes* v. *Green* (Cal.), 3 Pac. 496;
*Conklin* v. *Stone* (Cal.), 6 Pac. 378; *Goodnow* v. *Griswold,* 68
Cal. 599, 9 Pac. 837; *Porteus* v. *Reed* (Cal.), 12 Pac. 117; *Warren*
v. *Robinson,* 71 Cal. 380, 12 Pac. 265; *Samuel* v. *Allen,* 98 Cal.
406, 33 Pac. 273; *Bates* v. *Wilbur,* 10 Wis. 415; *Johnson* v. *Buck-
len,* 9 Ind. App. 154, 36 N. E. 176; *Braden* v. *Lemmon,* 127 Ind. 9
26 N. E. 477, 478; *Albright* v. *Hawk,* 52 Ohio St. 362, 39 N. E.
1044; *Brant* v. *Robertson,* 16 Mo. 129; *Downing* v. *Bourlier,* 21
Mo. 149; *Foster* v. *Devinney,* 28 Neb. 416, 44 N. W. 479; *Wood*
v. *La Rue,* 9 Mich. 158; *Adams* v. *Champion,* 31 Mich. 233;

*Roussain* v. *Patten*, 46 Minn. 308, 48 N. W. 1122; *Little* v. *Lee*, 53 Minn. 511, 55 N. W. 737; *Bahinsen* v. *Gilbert*, 55 Minn. 334, 56 N. W. 1117; *Mitchell* v. *Jensen*, 29 Utah, 346, 81 Pac. 165, 168; *Barthelomew* v. *Fayette Irr. Co.* (Utah), 86 Pac. 481.)

A water right cannot be acquired by a trespass upon the possession of another. (*Taylor* v. *Abbott*, 103 Cal. 424, 37 Pac. 408; *Atherton* v. *Fowler*, 96 U. S. 513, 24 L. Ed. 732; *McGuire* v. *Brown*, 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384; *Goodwin* v. *McCabe*, 75 Cal. 584, 17 Pac. 705; *Campbell* v. *Flannery*, 32 Mont. 120, 79 Pac. 702, 80 Pac. 240.)

If Hawkins was using the ditch and water right in controversy by permission of Wisner, it amounted only to a license, revocable at the will of Wisner, and gave Hawkins no right in the ditch. (*Great Falls Water Co.* v. *Great Northern Ry. Co.*, 21 Mont. 487, 54 Pac. 963.) This license, being a purely personal privilege, was not assignable and did not operate for or against third persons. (*Fabian* v. *Collins*, 3 Mont. 215, 227; 18 Am. & Eng. Ency. of Law, 2d ed., 1140, and cases cited in note 2; *De Haro* v. *United States*, 5 Wall. 599, 18 L. Ed. 681.)

"An easement is an interest in lands, and the instrument conveying an easement must conform to the requirements of the statute of frauds and be executed with the formalities essential to conveyances of estates in land." (10 Am. & Eng. Ency. of Law, 2d ed., 409, 410; *Hayes* v. *Fine*, 91 Cal. 391, 27 Pac. 772; Angell on Watercourses, sec. 168; Washburn on Easements, 23, 24; Gould on Waters, 300-321; see, also, *Bell* v. *Sausalito, L. & F. Co.* (Cal.), 33 Pac. 449.)

If Hawkins acquired some rights to flow water through this ditch, his right was limited to the purpose for which he took it. Even if there had been a grant of this right, the use of the easement is to be confined strictly to the purpose for which it was granted. (*Kaler* v. *Beeman*, 49 Me. 207; *Noyes* v. *Hemphill*, 58 N. H. 536; *Evans* v. *Dana*, 7 R. I. 306; *Schaffer* v. *State Nat. Bank*, 37 La. Ann. 242; *Allen* v. *Water Co.*, 92 Cal. 138, 28 Pac. 215, 15 L. R. A. 93; *Schaffer* v. *State Nat. Bank*, 37 La. Ann.

242; *Lampman* v. *Milks,* 21 N. Y. 505.) The use defines the right. (Washburn on Easements, 352.)

Title to the use of water may be acquired by ten years' adverse possession. (*Talbott* v. *Butte City Water Co.,* 29 Mont. 17, 72 Pac. 1111; *Bullerdick* v. *Hermsmeyer,* 32 Mont. 541-554, 81 Pac. 334; see, also, *Yankee Jim's Union Water Co.* v. *Crary,* 25 Cal. 504, 85 Am. Dec. 145; *Evans* v. *Ross* (Cal.), 8 Pac. 88; *Davis* v. *Gale,* 32 Cal. 27, 91 Am. Dec. 554; *Dickerson* v. *Colgrove,* 100 U. S. 578, 25 L. Ed. 618; *Kirk* v. *Hamilton,* 102 U. S. 68, 26 L. Ed. 79; *Dalton* v. *Rentaria,* 2 Ariz. 275, 15 Pac. 37; *Park* v. *Kilham,* 8 Cal. 78, 68 Am. Dec. 310; *Slocum* v. *Ry. Co.,* 57 Iowa, 675, 11 N. W. 641; *Lehigh Irr. Co.* v. *Moyle,* 4 Utah, 327, 9 Pac. 867; *Fabrian* v. *Collins,* 3 Mont. 216; *Biggs* v. *Irrigating Ditch Co.,* 7 Ariz. 331, 64 Pac. 494.)

Counsel for respondent waived notice of intention to move for a new trial by consenting in open court to an extension of ninety days in which to prepare the statement or bill of exceptions. On a motion for a new trial, the filing of a counter-statement is a waiver of objections to the want of notice of intention to move for a new trial. (*Williams* v. *Gregory,* 9 Cal. 76; see, also, *McLeran* v. *Shartzer,* 5 Cal. 70, 63 Am. Dec. 84; *Payne* v. *Davis,* 2 Mont. 381; *Frost* v. *Meetz,* 52 Cal. 664; *Millard* v. *Hathaway,* 27 Cal. 119; *Acock* v. *Halsey,* 90 Cal. 215, 27 Pac. 193; *Reynolds* v. *Harris,* 14 Cal. 668, 76 Am. Dec. 459; *Godchaux* v. *Mulford,* 26 Cal. 316, 85 Am. Dec. 178; *Cothran* v. *Brower,* 75 Ga. 494; *Treftz* v. *Stahl,* 46 Ill. App. 462, 18 L. R. A. 500; *Foster* v. *Hinson,* 76 Iowa, 714, 39 N. W. 682; *Allis* v. *Day,* 14 Minn. 516; *Mabin* v. *Webster,* 8 Ind. App. 547, 35 N. E. 194, 36 N. E. 373; *Sears* v. *Starbird,* 78 Cal. 225, 20 Pac. 547; *Desmond* v. *Superior Court,* 59 Cal. 274; *Simpson* v. *Budd,* 91 Cal. 488, 27 Pac. 758; *Belford* v. *Beatty,* 145 Ill. 414, 34 N. E. 254.) A party cannot make objection to the want of notice, and still throughout all the proceedings appear, propose amendments, argue motions, take his chances of a decision, and afterward be heard to complain in the appellate court of a want of notice.

*Messrs. Hartman & Hartman,* for Respondent.

Findings which would be immaterial, on the theory of the court, as evidence by the other findings made, need not be made and the case will not be reversed for failure to make such findings. (*Grogan* v. *Valley Trading Co.,* 30 Mont. 229, 76 Pac. 211; *Schelling* v. *Curran,* 30 Mont. 370, 76 Pac. 998.) And findings on immaterial issues are not required and, if made, are to be disregarded. (*Fontaine* v. *S. P. R. R. Co.,* 54 Cal. 645; *McCourtney* v. *Fortune,* 57 Cal. 619; *Lovell* v. *Frost,* 44 Cal. 474.) And where the evidence upon a point is all one way and against the appellant, the failure to find upon it is an immaterial error. (*Hutchings* v. *Castle,* 48 Cal. 156; *Schroeder* v. *Jahns,* 27 Cal. 281.) And the findings must be construed liberally to uphold rather than to defeat the judgment; and for the purpose of supporting the judgment, any ambiguity must be resolved in favor of the judgment, and reference may be had to other findings and to the issues for this purpose. (*Breeze* v. *Brooks,* 97 Cal. 72, 31 Pac. 742, 22 L. R. A. 256; *Krasky* v. *Wollpert,* 134 Cal. 338, 66 Pac. 309; *People's Home Sav. Bank* v. *Rickard* (Cal.), 73 Pac. 858; *Leist* v. *Dierson,* 139 Cal. 285, 88 Pac. 812.) Only the ultimate facts need be found, and they may be stated in the findings the same as they are stated in the pleadings. (Hayne on New Trial and Appeal, par. 242, pp. 723, 724.)

A motion for a new trial, without a notice of intention to so move, unless such notice of intention is waived, does not lie, and the court settling the statement on motion for a new trial and bill of exceptions in support of said motion is without jurisdiction, and such statement or bill of exceptions, in support of said motion, so settled over the objection of the prevailing party, is a nullity and cannot be considered for any purpose. (*Calderwood* v. *Brooks,* 28 Cal. 151; *Street* v. *Mill,* 9 Nev. 251; see, also, *State* v. *District Court,* 29 Mont. 176, 74 Pac. 414; *Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920; *State* v. *District Court,* 28 Mont. 227, 72 Pac. 613.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeals from a judgment and an order denying a new trial. The action arose out of a controversy over the right to the use of waters of Bostwick creek, in Gallatin county.

The plaintiff and the defendants, husband and wife, own lands along the stream, arid in character and requiring artificial irrigation to make them productive. The plaintiff predicates his right upon an appropriation made on or about June 1, 1882, by one Hawkins, who, it is alleged, constructed a ditch on the north side of the stream, through which he diverted eighty inches of the water for use upon lands then owned by him, and now owned by the plaintiff as his successor, by mesne conveyances. Later, it is alleged, Hawkins constructed a lateral ditch, tapping this ditch about four hundred yards below its mouth. to convey a portion of the water, amounting to forty inches, to other parts of his lands not covered by the first ditch. Continuous use of the water so appropriated it is claimed had been made by Hawkins, the mesne predecessors of plaintiff and by plaintiff, from the date of the original appropriation down to 1905, when the defendant by violence wrongfully interfered with the plaintiff's right and prevented his use of it, and diverted it away to defendants' lands, which interference and wrongful diversion continued until the bringing of this action. The prayer of the complaint is for a perpetual injunction to restrain the defendants from further interference with plaintiff's rights, and for general relief.

The defendants deny generally and specifically the rights alleged by plaintiff, and allege that any rights acquired by any predecessor of the plaintiff had been abandoned before plaintiff acquired the lands now owned by him. It is then alleged, by way of affirmative defense and counterclaim, that defendants acquired their lands in 1891 by homestead entry under the laws of the United States; that at that time there were two ditches through which water was diverted from the stream, one on the

north side called the "Barnett" ditch, the oldest in date and sufficient in capacity to divert all the water of the stream, the other on the south side, called the "Wisner" or "Hawkins" ditch sufficient in capacity to convey fifty inches of water; that during the year 1893 the defendants tapped both of these ditches by laterals, using the water diverted thereby for domestic purposes and for the irrigation of their lands on both sides of the stream; that the amount of water so diverted is twenty-five inches; that the lateral tapping the Wisner or Hawkins ditch, being constructed upon the lands of the defendants, belongs exclusively to defendants; that plaintiff has no right therein. for that neither he nor any of his predecessors had constructed or obtained permission from the defendants to construct or use it except that plaintiff's predecessor Hawkins, during certain years had extended and used it by permission of the defendants to convey not to exceed five inches of water for use upon the lands now owned by plaintiff; that plaintiff has no other interest in any of the waters of the stream or ditches mentioned; and that, while defendants have interfered with plaintiff's use as alleged, they have done so only in asserting their lawful right. They further allege that for more than ten years last past they have openly, notoriously, exclusively, adversely and under a claim of right against all persons whomsoever used the water through their ditches to the amount of twenty-five inches, as aforesaid.

The reply denies generally or specifically all the affirmative allegations in the answer, except that it is admitted that plaintiff never obtained permission from defendants to construct his lateral ditch from the Wisner ditch over the lands of the defendants. In this connection it is alleged that this lateral was constructed prior to the time the defendants made their homestead settlement, when their lands were a part of the public domain. The controversy therefore turns upon the right to the use of this lateral ditch and the amount of water conveyed by it.

The court found all the issues in favor of the plaintiff, and entered judgment declaring him entitled to the use of thirty inches under the Hawkins appropriation. The judgment also awarded an injunction perpetually enjoining the defendants from interfering with the right thus declared. The defendants contend that the evidence is not sufficient to support the findings, and that the findings are so defective that they do not support the judgment.

Counsel for respondent insist that the appeal from the order denying the motion for a new trial should be dismissed for the reason that the notice of intention was not served in time. They have submitted a motion with their brief asking that this be done. They also insist that, since none of the matters incorporated in the statement used in support of the motion are properly in the record, they may not be considered for any purpose; and hence that there is no question for this court to consider other than whether the findings support the judgment.

The motion to dismiss the appeal from the order is denied. The absence from the record of anything in support of the motion as made in the trial court is no reason why the appeal from the order denying it should be dismissed. The appeal is given by the statute as a matter of right. The fact that the proceedings anterior to the order are irregular or defective to such an extent that the motion is without merit cannot take away this right. It only goes to the merit of the appeal when submitted to this court for determination. A motion to dismiss an appeal only presents the question whether or not the statutory requirements as to the mode of taking the appeal have been observed.

From the record it appears that the notice of intention was not served on counsel for respondent within the ten days allowed by the statute, after counsel for appellant had notice of the decision. Counsel for respondent at the time of the service, and at every step in the proceedings thereafter, reserved their objections to the proceeding, because the service was out of time.

At the settlement of the statement they still objected, and asked the court to refuse a settlement. The objections were overruled. In making the settlement and denying the motion the court doubtless had in mind the practice approved by this court in *Sweeney* v. *Great Falls etc. Ry. Co.,* 11 Mont. 34, 27 Pac. 347, and in later cases. (*Walsh* v. *Mueller,* 14 Mont. 76, 35 Pac. 226; *Beach* v. *Spokane Ranch etc. Co.,* 25 Mont. 367, 65 Pac. 106; *Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820.) In any event, the course pursued by the court was proper; for appellants were permitted to have their motion determined upon the basis upon which it was made, and, upon the same basis, to have their appeal to this court. Since the notice of intention is the basis of the subsequent proceedings on the motion, and it was served out of time, the statement, or the statement and bill of exceptions, as the document is here designated, cannot be considered for any purpose. The result is that the order denying appellants' motion for a new trial must be affirmed.

But counsel for appellants insists that his failure to serve the notice in time was waived by counsel for respondent, because at the time the decision was made both were present in court, and the court by its order extended the time for the preparation and service of the statement and bill of exceptions in support of the motion for ninety days, counsel for respondent giving their consent that the order might be made.

While the giving of the notice of intention in time, or at all, may be waived in various ways by counsel of the adverse party, as by express stipulation or by taking part in the proceedings on the motion without objection, we do not think that mere assent to an extension of the time in which to prepare a statement or bill of exceptions in support of the motion, before service of notice, should be construed to include such waiver. The motion is a statutory proceeding, and must be made within the time and in the manner provided. (*Wright* v. *Mathews, supra; Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.) Since the successful party is required by the motion to appear further and litigate again at least some of the questions involved in the

action, he is entitled to notice of the intention of his adversary, as well as of the general grounds of the motion. The fact that counsel has assented to an extension of time for the preparation of the proposed statement prior to notice, without anything more to indicate his purpose, furnishes no stronger ground for the conclusion that he thereby intended to waive notice than it does for the conclusion that both parties understood that the consent given was with the proviso that the proceedings in other respects should be conducted under the statute. The behavior of counsel in this case clearly indicates that they both understood that the extension was for one purpose only, to-wit, that, while court was in session and they could conveniently do so, they would have the order made, and thus save a subsequent application. The assent given by plaintiff's counsel was not understood at the time to be a waiver; for, if such were the case, counsel for defendants never would have served the notice at all, nor would counsel for plaintiff have interposed the objection they did at the time service was made.

Since the statement and bill of exceptions in support of the motion cannot be considered for any purpose, the only question which this court can consider, as counsel for respondent contend, is whether the findings are sufficient to support the judgment; for, though it appears from the record that written request for findings was made and entered in the minutes of the court at the time the cause was submitted, and subsequently, upon the filing of the findings, exceptions were taken to them on the ground that the court had not found on all the issues involved, the exceptions themselves are incorporated in the statement. Since this is so, and since the statement cannot be considered for any purpose, the defects in the findings, if any, cannot be considered.

The court found specifically that the Wisner or Hawkins ditch was dug by the predecessors of plaintiff; that plaintiff and his predecessors had used the water continuously up to the time of the interference by the defendants; that his right not been abandoned; that the lateral ditch had been constructed

by Hawkins; that whatever rights the defendants have to any of the waters of Bostwick creek by virtue of the two lateral ditches were inferior to the rights of the plaintiff; and that the lateral from the Wisner or Hawkins ditch was constructed in the year 1893, after the entry of their homestead by the defendants, under an arrangement between Hawkins and the defendants, by the terms of which the defendants were to be allowed to conduct such water by means of it as they were able to obtain out of the waters of Bostwick creek. The court did not find specifically that the defendants were, or were not, entitled to any definite amount. Since, however, the court found generally in favor of the plaintiff, and since every finding necessary to support the judgment is to be implied, the necessary conclusion is that the court impliedly found that the defendants have no right to the use of the waters of Bostwick creek, except such as they may acquire by permission of the other appropriators, or in subordination thereto.

But counsel says that the finding that the lateral from the Wisner or Hawkins ditch was constructed by Hawkins under an arrangement with the defendants by the terms of which the defendants were allowed the use of such water as they could obtain is without the issues made by the pleadings, because it is alleged in the replication that the plaintiff constructed this lateral ditch over the lands now owned by the defendants at the time they were a part of the public domain. Assuming that this finding is not strictly within the issues, nevertheless we do not think it is sufficient reason why the judgment should be reversed. The presumption must be indulged that the evidence fully justified the finding as made; and, though this finding indicates that there was a variance between the proof introduced to establish plaintiff's right and the allegation in his replication, this variance must be deemed immaterial; the record containing nothing to show that appellants were misled by it to their prejudice. The judgment may not for this reason be reversed. (Code Civ. Proc., secs. 770, 778.)

In other respects the findings are directly upon the issues and fully support the judgment.

The result is that the judgment and order must be affirmed; and it is so ordered.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.