HUNTER, RESPONDENT, *v.* CONRAD ET AL., APPELLANTS.

[Submitted March 30, 1896. Decided April 13, 1896.]

CONTRACTS—*Partnership—Participation in profits—Election.*—Where H. loaned defendants, a banking firm, $5.000 for a certain period, under an agreement that in consideration of the loan said H. should be entitled to the rights of an equal partner, without liability for losses, and at the expiration of the period named should receive one-third of the net profits accruing in the business, with the privilege of continuing the agreement, and in the event of the one-third of the profits not equaling in amount ten per cent. per annum on the loan, H. might waive his right to profits, whereupon defendants would pay him interest on the loan at ten per cent. per annum, and at the expiration of such period H. exercised his option to take the interest on his money instead of participating in the profits, this arrangement did not make H. a partner with the defendants as between themselves, nor constitute the loan a contribution to the capital stock.

SAME—*Election under agreement—Sufficiency of notice.*—In such case where H. was acting as cashier of the bank, and at the expiration of the contract made the proper entries in the books showing his election to take the interest instead of the third of the profits, such entries were a sufficient notice to defendants that he had so elected.

*Appeal from Sixth Judicial District, Park County.*

ACTION on promissory note. The cause was tried before HENRY, J. Plaintiff had judgment below. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action on a promissory note. The execution of the note is admitted. The defendants allege, in their answer:

" (1) That on the 15th day of June, 1892, and for a long time prior thereto, the defendants, J. H. Conrad and S. C. Hunter, were and had been partners, engaged in the business of banking at Red Lodge, Montana, under the firm name and style of J. H. Conrad & Co.

" (2) That on the said 15th day of June, 1892, the said L. R. Hunter, being desirous of becoming a member of the said

partnership, advanced to the said partnership the sum of five thousand dollars, which said advance was evidenced by the note in suit, and an agreement was then and there entered into between the said J. H. Conrad and S. C. Hunter and L. R. Hunter whereby the said L. R. Hunter was then and there to become an equal partner in the said banking business, which said agreement was in words and figures as follows, to wit :

" 'Red Lodge, Montana, June 15th, 1892.    January 1st, without grace, after date, for value received, we, or either of us, jointly and severally, promise to pay to the order of L. R. Hunter five thousand dollars, payable at the office of J. H. Conrad & Co., bankers, Red Lodge, Montana.    J. H. Conrad.    S. C. Hunter.'

" 'For and in consideration of the above loan of five thousand dollars ($5,000), by L. R. Hunter, to J. H. Conrad and S. C. Hunter, doing business as bankers in Red Lodge, Park county, Montana, the said L. R. Hunter shall receive one-third of the net profits accruing in the said banking business, and he shall be entitled to all the rights and privileges of an equal partner, during the period of this contract, which shall continue in full force and effect until the 1st day of January, 1893, the said L. R. Hunter reserving the right to continue the contract for a longer period provided it may be agreeable to all concerned.    And it is further agreed that the said L. R. Hunter shall in no way be liable for any losses incurred in said banking business.    And it is further agreed that, in event of the one-third profits not equalling in amount ten per cent. per annum on the five thousand dollars ($5,000), then and in that event the said L. R. Hunter waives his right to any of the profits accruing, and the said J. H. Conrad and S. C. Hunter agree to pay him interest on the loan at the rate of ten per cent. per annum.    J. H. Conrad.    S. C. Hunter.'

" 'Indorsements :    'Pay the within to Thomas Hunter, or order.    L. R. Hunter.' "

The defendants allege that, pursuant to said arrangement and contract, the payee of the note, L. R. Hunter, became, ever since has been, and now is, a partner and member of the

firm of J. H. Conrad & Co.; that the note was given solely as evidence of the contribution of said L. R. Hunter to the capital stock of the firm of J. H. Conrad & Co.; that the note became null and void as an evidence of debt after the election of L. R. Hunter to continue the partnership, which they allege he did on the 1st of January, 1893; that the plaintiff acquired whatever title he has to the note subsequent to its maturity, with a full knowledge of all the facts regarding its execution, and the purpose for which it was to be used, and with the full knowledge of the fact that it represented L. R. Hunter's contribution to the capital stock of said firm, as a partner in said firm, and that it was to be void after said L. R. Hunter elected to continue in said firm after the 1st of January, 1893.

The replication admits the execution of the contract set up in the answer, but denies that L. R. Hunter was ever a partner or member of the firm of J. H. Conrad & Co., and every other allegation of the answer.

The case was tried to a jury. The jury rendered special findings of fact, and a general verdict for the plaintiff. From the judgment rendered in accordance therewith, and an order overruling their motion for a new trial, the defendants appeal.

*Savage & Day*, for Appellants.

The parties had reduced their agreement to writing, and it was the duty of the court after hearing the testimony of the witnesses as to the attending circumstances to interpret such contract to the jury. Whether the effect of the agreement was to constitute a partnership was a matter for the determination of the court. (*Meehan* v. *Valentine*, 29 Fed. Rep. 276; *Parchen* v. *Anderson*, 5 Mont. 438; Thompson on Trials, § 1132; *Cumpston* v. *McNair*, 1 Wend. 457; *Dunlay* v. *Elford*, 22 S. C. 304.

The court in giving the first three instructions submitted to the jury the question of a loan, which we submit is not supported by the evidence in the case. The contract taken in

connection with the subsequent dealings of the partners clearly contemplated the existence of the partnership between the date of the agreement and January 1, 1893. There was shown here a participation in the business as a partner which supplied the element wanting in the case of *Meehan* v. *Valentine, supra.*

*O. F. Goddard,* for Respondent.

PEMBERTON, C. J. The appellant assigns as error the giving of the instructions of the court, contending that they are not supported by the evidence. The instructions are as follows:

"(1) If you believe from the evidence in the case, that the $5,000, mentioned in the first cause of action of plaintiff's complaint, were a loan made by L. R. Hunter to J. H. Conrad and S. C. Hunter, and were not a contribution to the capital stock of said firm; that said L. R. Hunter was to receive 10 per cent. on said sum in case he so elected to take said sum in lieu of profits, and that said L. R. Hunter did, on the first day of January, 1893, elect to take 10 per cent. on said sum,—then you will find for the plaintiff upon the first cause of action.

" (2) The jury are instructed, that if you find, from the evidence, that the $5,000, as evidenced by the note in suit, were advanced by L. R. Hunter, as a loan to the defendants, and that said note was conditioned upon the election of L. R. Hunter to become a partner, and that such election was to be made by L. R. Hunter January 1, 1893; and if you find that he did elect, on or about the said date, not to become a member of said firm and a partner therein, but on the contrary he elected to waive his right to profits in the said business, and to claim the 10 per cent. interest on the said advance, and in pursuance of said election, charged up the interest of the said advance upon the books of the bank,— such election and such entry would be sufficient notice to the defendants of such election.

"(3) The jury are instructed that if you find, from the evi-

dence, that the $5,000, as evidenced by the note in suit, were advanced to the defendants as a loan, and that L. R. Hunter elected, under the contract attached to the note, on or about January 1, 1893, to take interest on the sum so advanced at 10 per cent. per annum instead and in lieu of one-third of the profits of the banking business of J. H. Conrad & Co., then the charging in the books of the bank of the said interest by L. R. Hunter, the cashier, would be sufficient notice to the defendants of such election on the part of the said L. R. Hunter.''

The jury found, in effect, that L. R. Hunter was never a partner in the banking business of J. H. Conrad & Co., and that the $5,000 put into the business by L. R. Hunter was a loan.

The contract designates the $5,000, the amount of the note, as a loan, in consideration of which J. H. Conrad and S. C. Hunter were to allow L. R. Hunter one-third of the profits of the banking business of J. H. Conrad & Co., during the existence of the contract, and, in the event of the one-third of the profits not equaling 10 per cent. per annum on the $5,000, then L. R. Hunter waives his right to profits, and is to be paid 10 per cent. per annum for the loan of said sum.

The evidence is practically undisputed that, about the 1st of January, 1893, L. R. Hunter elected to take 10 per cent. interest on said loan. It seems the one-third of the profits of the business fell short of equaling 10 per cent. on the $5,000. L. R. Hunter testified that he informed S. C. Hunter, about January 1, 1893, of the condition of the business, and that he had taken his 10 per cent. interest, instead of one-third of the profits, as it is conceded he had a right to do under the contract. S. C. Hunter does not dispute this evidence. He says he will not testify that L. R. Hunter did not so inform him about the 1st of January, 1893. It is shown also that about the 1st day of January, 1893, L. R. Hunter, who was the cashier, and in charge of the banking business of J. H. Conrad & Co., made the proper entries in the books of the concern, showing his election to take the 10 per cent. interest,

instead of the one-third of the profits of the business. From this consideration of the testimony, we think there was sufficient evidence to support the findings of the jury and the instructions of the court.

Under the contract, L. R. Hunter had the option of electing, on the 1st of January, 1893, to take 10 per cent. interest on the $5,000, or one-third of the profits, and continue the contract with J. H. Conrad & Co. He made his election to take the 10 per cent. and thereby made the $5,000 a loan to the defendants. Had he not made this election, it is immaterial to consider what his relations would have then been.

There are many circumstances in the case which would constitute L. R. Hunter a partner and member of the firm of J. H. Conrad & Co., as to the public dealing with him and the firm; but between the parties to the contract and arrangement these circumstances cannot avail the defendants. The question here is, not whether L. R. Hunter held himself out to the world as a partner, but was he, in fact, a partner? We think the court rightly instructed the jury as to the law of the case, and that the evidence supports the findings that, as between the parties to this suit, L. R. Hunter was not a partner, and that the $5,000, the amount of the note sued on, was a loan.

Whether L. R. Hunter became a partner and member of the firm of J. H. Conrad & Co., as between the parties, by entering into the contract attached to the note, is principally a matter of intention. (Lindley on Partnership, 8, 9.) This intention may be shown by the contract, and the circumstances attending its execution. A very strong circumstance in the case going to show that the parties to the contract considered the $5,000 in controversy a loan, and so construed it, is the fact that J. H. Conrad and S. C. Hunter executed to L. R. Hunter their note therefor. If the $5,000 were contributed to the capital of the firm, by L. R. Hunter, as his share thereof, why the necessity or the reason for Conrad and S. C. Hunter executing their note to him for the amount? If it was a contribution to the capital, no note was necessary to be given for any conceivable purpose.

We think loaning J. H. Conrad & Co. the $5,000 in consideration of one-third of the profits of the business did not necessarily constitute L. R. Hunter a partner as between the parties to the suit. (*Gill v. Ferris,* 82 Mo. 156; *Legett* v. *Hyde,* 58 N. Y. 272.)

Another circumstance going to show that the parties considered the $5,000 a loan, and not a contribution to the capital of the firm, is the provision in the contract that L. R. Hunter should not be liable for losses.

We think the case was fairly tried, and the proper result reached. The judgment and order appealed from are affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.