BERLIN MACHINE WORKS, RESPONDENT, *v.* MIDLAND COAL AND LUMBER CO., APPELLANT.

(No. 3,119.)

(Submitted April 11, 1912. Decided April 15, 1912.)

[123 Pac. 396.]

Contracts—Sales—Acceptance—Rejection—Failure to Return—Effect.

1. Under a contract for the sale of machinery providing that, in case of rejection or failure to pay as provided therein, the buyer should return and deliver the property to the seller, freight prepaid, if the property was defective, it is the buyer's duty to so return it whether he refuses to accept it, or, after acceptance, rejects it on account of the defects; hence, where the buyer refused to return it unless the seller refunded the freight already paid, he was liable for the purchase price.

*Appeal from District Court, Custer County; Sydney Sanner, Judge.*

ACTION by the Berlin Machine Works against the Midland Coal and Lumber Company. From a judgment on a directed verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Messrs. Gunn, Rasch & Hall*, and *Messrs. Tisor & McKinnon*, for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

"Where the character of the goods purchased is such that their quality cannot be determined by looking at and examining them, but by actual use only, the purchaser will be entitled to

a reasonable time in which to test the goods and ascertain whether they are the kind ordered; and until this question is determined, the retention of the goods does not amount to an acceptance thereof." (*Philadelphia etc. Co. v. Detroit White Lead Works,* 58 Mich. 29, 24 N. W. 881; *Western Construction Co. v. Romona Oolitic Stone Co.,* 41 Ind. App. 229, 80 N. E. 856.) As to what is a reasonable time for inspection and acceptance or rejection under various facts and circumstances, see *Plotner & Stoddard v. Markham, etc.* (Tex. Civ. App.), 122 S. W. 443; *Wall Rice Mill. Co. v. Continental Supply Co.,* 36 Utah, 121, 140 Am. St. Rep. 815, 103 Pac. 242; *Eaton v. Blackburn,* 52 Or. 300, 132 Am. St. Rep. 705, 16 Ann. Cas. 1198, 20 L. R. A., n. s., 53, 96 Pac. 871; *Pierson v. Crooks,* 115 N. Y. 539, 12 Am. St. Rep. 831, 22 N. E. 349; *Hudson v. German Fruit Co.,* 95 Ala. 621, 10 South. 920; *Cohen v. Pemberton,* 53 Conn. 221, 55 Am. Rep. 101, 2 Atl. 315, 5 Atl. 682; *Building Supply Co. v. Jones,* 87 S. C. 426, 69 S. E. 881.

The machine was defective and would not do the work required of it. Appellant was therefore entitled to reject it. (*McCormick Harvesting Machine Co. v. Okerstrom,* 114 Iowa, 260, 86 N. W. 284; *Inman Mfg. Co. v. Am. Cereal Co.,* 124 Iowa, 737, 100 N. W. 860.) That appellant notified respondent within a reasonable time of the defects in the machine is established by the evidence. The question of whether such notice was given within a reasonable time was one for the jury. (35 Cyc. 262.) The manner and time of giving notice or the time of acceptance may be waived where the seller sends a representative to examine and remedy defects pointed out, as was done in this case. (*Baker v. Nichols & Shepard Co.,* 10 Okl. 685, 65 Pac. 100; *Advance Thresher Co. v. Curd* (Ky.), 85 S. W. 690; *Cooke v. Underhill Mfg. Co.,* 138 N. Y. 610, 33 N. E. 728; *Parsons Band etc. v. Gadeke,* 1 Neb. (Unof.) 605, 95 N. W. 850.)

Respondent's attitude made a return of the machine futile and estops it from now claiming it should have been returned. "The law neither does nor requires idle acts." (Rev. Codes, sec. 6200.) The letters of plaintiff were, in effect, a repeated

refusal to accept or receive said machine if returned.   Such conclusion is the only reasonable one that can be drawn from them.   A refusal to receive before an offer to return is made should discharge the buyer from the necessity of returning the property the same as a refusal to receive at the time or after an offer to return is made.   (*Sycamore etc.* v. *Grundrad*, 16 Neb. 529, 20 N. W. 832; *J. I. Case Threshing Machine Co.* v. *Johnson*, 140 Wis. 534, 122 N. W. 1037; *Guetzkow* v. *Michigan Mut. Life Ins. Co.*, 105 Wis. 448, 81 N. W. 652; *Westinghouse Co.* v. *Gainor*, 130 Mich. 393, 90 N. W. 52.)   Furthermore, it was for the jury to determine what inferences and conclusions were reasonable to be made from respondent's statements in said letters, introduced by appellant, and to say whether or not they constituted a refusal to accept a return of the machine.   (*Baker* v. *Nichols & Shepard Co.*, 10 Okl. 685, 65 Pac. 100.)

It is apparent that respondent was trying by its letters to keep itself in a position where it would decline to receive the machine if returned, on the ground that theretofore there had been a legal acceptance by appellant, and at the same time be in a position to urge in event of a suit, as it is now doing, that the machine should have been returned.   (*Coles* v. *Swensberg*, 90 Mich. 223, 51 N. W. 275.)   In the case just cited the defendant, after failing to get directions as to shipping, shipped the machine back to the place designated in the contract, and upon its arrival the plaintiff refused to accept it upon the ground that the defendant, by not returning it to the place and within the time fixed in the contract, had made an acceptance.   Such would have been appellant's position here had he returned the machine, in the face of respondent's repeated statements in its correspondence.   (See, also, *McCormick Harvester Machine Co.* v. *Knoll*, 57 Neb. 790, 78 N. W. 394; *Rheinstrom* v. *Steiner*, 69 Ohio St. 452, 100 Am. St. Rep. 699, 69 N. E. 745; *Jones* v. *Bloomgarden*, 143 Mich. 326, 106 N. W. 891; *Westinghouse Co.* v. *Gainor*, 130 Mich. 393, 90 N. W. 52; *J. I. Case Threshing Mach. Co.* v. *Johnson*, 140 Wis. 534, 122 N. W. 1037; *Geiser Mfg. Co.* v. *Cassell*, 171 Fed. 348, 96 C. C. A. 240.)

Under the contract, appellant was only to pay expenses of returning the machine in case it accepted it and then failed to make payments as agreed upon. Therefore, appellant was entitled to freight or other expenses paid by it in connection with said machine. (*Berlin Machine Works* v. *Miller,* 59 Wash. 572, 110 Pac. 422; *Philadelphia Whiting Co.* v. *Detroit White Lead Works, supra.*) In *Houser & Haines Mfg. Co.* v. *McKay,* 53 Wash. 337, 27 L. R. A., n. s., 925, 101 Pac. 894, the court said:

"The respondent, after the breach of the contract was established, properly claimed the right to have the money refunded which he had paid as freight on the harvester from the factory to the point of destination." (See, also, *Silberman* v. *Clark,* 96 N. Y. 522; *American Mill Works* v. *De Agnaro* (Tex. Civ. App.), 53 S. W. 350; Rev. Codes, subd. 2, sec. 5065.)

*Messrs. Loud & Campbell* submitted a brief in behalf of Respondent; *Mr. Chas. H. Loud* argued the cause orally.

The rescission of a contract for breach of warranty is a matter which can properly be made one of contract. (See 2 Mechem on Sales, secs. 1383, 1384, 1806, 1807; *J. I. Case Threshing Machine Co.* v. *Hall,* 32 Tex. Civ. App. 214, 73 S. W. 835; *King* v. *Towsley,* 64 Iowa, 75, 19 N. W. 859; *Rowell* v. *Oleson,* 32 Minn. 288, 20 N. W. 227; *Heagney* v. *J. I. Case Threshing Machine Co.,* 4 Neb. (Unof.) 745, 96 N. W. 175; *Russell & Co.* v. *Murdoch,* 79 Iowa, 101, 18 Am. St. Rep. 348, 44 N. W. 237; *Furneaux* v. *Esterly,* 36 Kan. 539, 13 Pac. 824.) Where, as in this case, a contract for the purchase of a machine provides that in case of rejection of the property or a failure to pay therefor, the buyer shall at once return and deliver the property in good order to the seller f. o. b. the place of shipment, the purchaser cannot afterward, upon a breach or alleged breach of warranty, escape his obligation to pay the contract price without first returning the machine in good order, at the place of shipment and at his own costs. (*Aultman & Co.* v. *York,* 1 Tex. Civ. App. 484, 20 S. W. 851; *J. I. Case Threshing Mach. Co.* v. *Paterson,* 137 Ky. 180, 125 S. W. 287; *Burke* v. *Keystone Mfg. Co.,* 19 Ind. App. 556, 48 N. E.

382; *Fahey* v. *Esteley Harvesting Mach. Co.*, 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; *Avery Planter Co.* v. *Peck*, 80 Minn. 519, 83 N. W. 455, 1083; *Upton Mfg. Co.* v. *Huiske*, 69 Iowa, 557, 29 N. W. 621; *Sandwich Mfg. Co.* v. *Feary*, 34 Neb. 411, 51 N. W. 1026; *Stone* v. *Victor Elec. Co.*, 36 Colo. 370, 85 Pac. 327; *Aultman & Taylor Co.* v. *Gunderson*, 6 S. D. 226, 55 Am. St. Rep. 837, 60 N. W. 860; *Davis* v. *Robinson*, 67 Iowa, 355, 25 N. W. 280.) It has been held that merely writing the seller that the machine sold under a similar warranty is not doing satisfactory work, and that it is held subject to the order of the seller, is not such a return of the machine as complies with the contract. (*Dickey* v. *Winston Cigarette Co.*, 117 Ga. 131, 43 S. E. 493.)

MR. JUSTICE SMITH delivered the opinion of the court.

On September 27, 1907, the defendant at Plains, Montana, ordered of the plaintiff, at Beloit, Wisconsin, in writing, one No. 108 open side molder with directions to ship "in good order f. o. b. Beloit, Wisconsin, at once," at an agreed price of $900, payable within sixty days after date of shipment. The order also contained this stipulation: "In case of rejection of the property or failure to pay as stated herein, consignee shall at once return and deliver the property in good order to consignor, f. o. b. Beloit, Wis." The machine was not shipped until October 28, 1907, and was not received until December 7; but defendant made no objection on that score. On January 18, 1908, it notified the plaintiff that the machine was defective, and from that time on until May 12, 1908, many letters passed between the parties; the defendant constantly claiming that the molder was defective, and the plaintiff demanding payment therefor. On March 24 defendant notified the plaintiff by letter that, unless it sent a man to put the machine in condition, "We will take it out of the mill and await your further order." On April 4 it wrote a letter to the plaintiff, in part as follows: "If we find the machine in the condition that our man reported and that your man has stated that the machine could not be fixed with-

out new bed-plates, we shall remove the machine at once from our mill and it will be at your disposal. In case we replace the machine we will hold same for the advance charges of freight, some $86." The response was a demand for payment. On May 5 it again wrote to plaintiff, as follows: "We have to-day ordered our manager at Plains to take the machine out and put back the old one, and while we should charge you $100 for trouble in making the change, we only ask you to pay the advance freight charges that we have been to with your machine. We will keep the machine covered up until you can order us where to ship it to. It is absolutely no good to us and not as represented by your salesman." On May 9 it again wrote, as follows: "We received the machine in due time after a shipment and are ready to pay for the same if it were not defective. You probably could sell the same in Spokane. We have no use for it. The machine is at your disposal if you will send us a check to cover the freight, $85." This action was brought on February 4, 1909, to recover the purchase price of the machine. The answer admits that the defendant still has the machine in its possession, and that it has not paid for the same, but alleges affirmatively that it was defective, and that defendant "promptly notified plaintiff of the defective and improper construction of the machine and its unfitness for the purpose for which it was designed, and of defendant's refusal to accept the machine or to pay therefor." The cause was tried to the district court of Custer county, with the aid of a jury, which returned a verdict, by direction of the court, in favor of the plaintiff. Judgment was entered accordingly. Defendant appeals from the judgment, and from an order denying a new trial.

It is of little consequence whether we regard the defendant as having refused to accept the machine on account of alleged defects therein, or as having rejected the same for that reason. The result is the same. In either event, it was its duty under the contract to return it to the plaintiff f. o. b. Beloit; that is to say, with freight prepaid. This it expressly agreed to do. Its letters show that it received the machine without objection

as to any delays or miscarriage of shipment, set it up, used it, declared it to be unfit for the work and defective, and then, instead of returning it to the plaintiff at Beloit, in accordance with the terms of the contract, it first demanded a refund of $86, freight paid from Beloit to Plains, and subsequently agreed to reship it, provided plaintiff would designate the place of destination and forward a check to pay the freight, and still retains it. In other words, the defendant refuses to either pay for the machine, or return it, as it agreed to do. Even if it be admitted that the machine was not in good order when it [1] arrived at Plains, and that it was defective, it was the duty of the defendant, under the express terms of its contract, to either pay for it, or reject it and return it to Beloit, freight prepaid. It has refused and neglected to do either. (See *King* v. *Townsley,* 64 Iowa, 75, 19 N. W. 859; *Haynes* v. *Plano Mfg. Co.,* 36 Tex. Civ. App. 567, 82 S. W. 532; *Heagney* v. *J. I. Case Threshing M. Co.,* 4 Neb. (Unof.) 745, 96 N. W. 175.)

The appellant insists that respondent's attitude, as disclosed by certain letters, copies of which are in the record, absolved it from returning the machine, for the reason that the letters show respondent would have refused to receive it, if returned to Beloit. The contention is that the law does not require an idle act. Numerous cases are cited to support the contention. The record shows, however, that as early as February 12 defendant notified the plaintiff that, if the machine did not operate satisfactorily, it would "throw it out and use the old machine." On March 24 it caused to be written: "We will take the machine out of the mill and await your further orders." And on April 10: "We will remove the machine and it will be at your disposition. We will hold same for advance charges of freight, some $86.00." And on May 5: "We ask you to pay the advance freight charges that we have been to with your machine. We will keep the machine covered up until you can order us where to ship it to." And finally on May 9: "The machine is at your disposal if you will send us a check to cover the freight, $85." In the light of these letters, we do not see how it can be contended that the

plaintiff is estopped to claim that the defendant should have carried out its contract by returning the machine to Beloit f. o. b., or that plaintiff waived that provision of the contract. The defendant assumed the attitude very early in the correspondence of refusing to return the machine, unless plaintiff advanced certain moneys; and the latter was therefore justified in demanding payment therefor in accordance with the terms of the contract, as it did. But it is idle to further discuss this point. The plaintiff, in a letter written on May 7, quoted to the defendant that portion of the contract relating to its duty in case of rejection of the property or failure to pay therefor, and then continued: "Your rejection of the machine carries with it the obligation to deliver it to us in good order, free of all freight and all other charges. We suggest that you consider fully your responsibility under this instrument." The reply to this was the letter, heretofore quoted, in which the defendant stated: "The machine is at your disposal if you will send us a check to cover the freight, $85." The correspondence is searched in vain for an unconditional offer by defendant to return the machine; and plaintiff never assumed the attitude of refusing to receive it. Under these circumstances, we are of opinion that it had the right to insist upon the strict letter of its contract.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.