CROFT ET AL., RESPONDENTS, v. BAIN ET AL., APPELLANTS.

(No. 3,406.)

(Submitted September 18, 1914.  Decided October 13, 1914.)

[143 Pac. 960.]

*Contribution — Partnership — What Constitutes — Evidence — Insufficiency—Fictitious Name—Disability to Sue—Noncompliance With Statute—Proof Required.*

Appeal—Implied Findings.
    1.  Where the trial court fails to make formal findings, every finding necessary to support its judgment will be implied.

Partnership—Essentials.
    2.  To constitute an association of two or more persons a copartnership within the meaning of section 5466, Revised Codes, it must be the intention of the parties to carry on some business and to share in the profits, community of interest alone—without power in each member of it to act toward the other in the interchangeable character of principal and agent—being insufficient to create the relationship of copartners.
    [As to what constitutes a partnership, see note in 115 Am. St. Rep. 400.]

Same—Evidence—Insufficiency.
    3.  The bare statement made on the witness-stand by one of a number of persons who jointly bought a stallion, giving their joint and several promissory notes to secure the purchase money, that "there was an association formed among the signers of the notes and those who signed the notes were owners of the shares," was, in the absence of other facts and circumstances disclosing the intention of the parties, insufficient to show the existence of a copartnership; *i. e.,* that the animal was bought for the purpose of hiring for breeding purposes to members of the public for the mutual profit of the purchasers.
    [As to when agreements to share profits do not create partnership, see note in 30 Am. St. Rep. 828.]

Same—Contribution—Actions at Law.
    4.  While a member of a copartnership may not, until an accounting has been had, maintain an action at law against a copartner to recover a balance alleged to be due him on account of transactions arising out of the copartnership, such an action may be prosecuted by an obligor against his co-obligor to compel reimbursement to plaintiff in the latter's proportionate share of the common obligation discharged by him.
    [As to actions for contribution not founded on express promise, see note in 98 Am. St. Rep. 31.]

Evidence—Witnesses—Avowal of Ignorance of Fact—Effect.
    5.  The avowal of ignorance of a fact is not proof of the fact by the witness making the avowal, even though the circumstances indicate that he ought to be informed.

Partnership — Fictitious Name — Disability to Sue — Affirmative Showing Necessary.
    6.  The disability to maintain certain actions, imposed by section 5505, Revised Codes, upon partners doing business under a fictitious

name, because of failure to file the certificate required by the preceding section, must be affirmatively shown,—a requirement not met by the statement of one copartner to the effect that, so far as he knew, his firm had not complied with the provision of section 5504.

*Appeal from District Court, Fergus County; Roy E. Ayres, Judge.*

ACTION by J. M. Croft and others against Lee Bain and others. From a judgment in favor of plaintiffs, defendant F. J. Peck appeals. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Oscar O. Mueller* and *F. J. Peck,* for Appellants.

*Mr. Roy C. Cromer,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On January 19, 1906, the plaintiffs, as copartners under the firm name of Croft Bros. & Company, with fifteen others, among whom was the defendant Peck, executed and delivered to McLaughlin Bros., a copartnership, three joint and several promissory notes for the sum of $1,000 each. These notes were by their terms made payable at the First National Bank at Lewistown—the first on July 1, 1908, and the other two respectively on July 1, 1909, and July 1, 1910, with interest at the rate of six per cent per annum. Prior to maturity the notes were all transferred by McLaughlin Bros. to other parties. Payment of them not having been made at maturity, judgments were secured upon them by the respective holders. These judgments were paid by some of the makers, including the plaintiffs, the latter paying the largest amount. This action was then brought by the plaintiffs to compel certain of their associates to reimburse them in the amounts they had paid more than their proportionate share. Though the plaintiffs made all their associates defendants, recovery is sought against only four of them, *viz.:* S. H. Sutton, John Jelinek, F. J. Peck and C. M. Stubbs. The

complaint sets forth in separate counts the amounts claimed as over-payments on each of the notes, specifying the amounts chargeable to each of the four defendants named, and demands a separate judgment against each of them for the sum alleged to be due from him. So far as the record discloses, the defendant Peck alone was served with summons and appeared to make defense. Judgment was rendered against him only. His answer admits that if any amount can be recovered in this action, there is due from him to plaintiffs only the sum of $138, with interest. It alleges two special defenses: (1) That in December, 1905, the plaintiffs and the defendants entered into a copartnership agreement to purchase a stallion from McLaughlin Bros.; that in pursuance of this agreement they purchased the stallion, to be held and owned by them as copartners, the several notes being executed to secure the payment of the purchase money; that each was to have a share in the earnings of the stallion, in proportion of the amount of the purchase price assumed by him; that by hiring, the stallion has earned a large sum of money; that this sum should have been accounted for and applied to the payment of the notes; that there has never been an accounting had among the copartners; and that the copartnership never having been dissolved, either by agreement or by law, the action cannot be maintained. (2) That the plaintiffs are copartners conducting a business under a fictitious name or designation, not showing the names of the persons interested therein as copartners; that they have not filed with the clerk of the county where the business is conducted a certificate stating in full the names of all the members of the copartnership, nor made publication thereof as required by section 5504 of the Revised Codes, and hence that, under the inhibition declared in section 5505, they cannot maintain this action. Upon these allegations the plaintiffs tendered issue by reply. The cause was submitted to the court without a jury and without request for formal findings. It found generally for the plaintiffs, and awarded them judgment for $138 and costs. The defendant has appealed.

Several questions of practice are presented by counsel for plaintiffs touching the course pursued by counsel for the defendant in the preparation of the bill of exceptions and the transcript. It is also claimed that the transcript is not properly authenticated. We shall not notice the contentions in this behalf, as we do not regard any of them even plausibly meritorious.

Though the court made no formal findings, under the rule [1] which prevails in this state, every finding necessary to support the judgment will be implied. (*Vreeland* v. *Edens*, 35 Mont. 413, 89 Pac. 735; *Bordeaux* v. *Bordeaux*, 43 Mont. 102, 115 Pac. 25.) We must therefore presume that the court found adversely to the defendant upon both the special defenses. Counsel for defendant makes the contention that the findings [2, 3] are contrary to the evidence. In his argument touching the first defense he insists that it is fully established by an admission by James M. Croft, one of the plaintiffs, the only witness who testified at the hearing. The contention is predicated upon the following statement made by Croft on his cross-examination: ''The purpose of the notes in this action was to secure payment of a stallion bought of McLaughlin Bros. There was an association formed among the signers of the notes and those who signed the notes were owners of the shares.'' Counsel assumes that the only conclusion to be drawn from this statement is, that by the purchase the signers of the notes became the owners in common of the stallion, and therefore copartners. But this conclusion is not necessary, nor even permissible, in the absence of proof of other facts and circumstances disclosing what the intention of the parties was. ''Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them.'' (Rev. Codes, sec. 5466.) Obviously, to constitute an association of two or more persons a copartnership, as between or among themselves, within this definition, the intention must be to carry on some sort of business and to share in the profits. The purpose and character of the association is a matter of intention. (*Hunter* v. *Conrad*, 18 Mont. 177, 44 Pac. 523.) The contract

out of which it arises may be express or implied, and the intention may be inferred from the conduct and dealings of the parties, but all the elements included in the definition must be present to constitute the relation of copartnership. Community of interest in the parties alone is not sufficient; but, as was observed by this court in *Weiss* v. *Hamilton,* 40 Mont. 99, 105 Pac. 74: "To constitute a partnership, there must be such a community of interest as empowers each party to make contracts, incur liabilities, and dispose of the property." The statement of the witness falls far short of showing that the plaintiffs and defendants made the purchase of the stallion to use it for breeding purposes for pay by members of the public, for their mutual benefit, or that it was so used. On the contrary, so far as it furnishes the basis for any inference, it is that the purpose was common use by the purchasers themselves. In any event, there is nothing to indicate that, by express agreement on entering into the association or by agreement implied by the conduct of the parties subsequent to the formation of it, each member of it assumed toward the other the interchangeable relation of principal and agent, which is indispensably necessary to constitute a copartnership. (*Parchen* v. *Anderson,* 5 Mont. 438, 51 Am. Rep. 65, 5 Pac. 588; *Weiss* v. *Hamilton, supra.*)   Of course, [4] if the evidence disclosed that the agreement or subsequent conduct of the parties created among them the relation of copartners, an action at law could not be maintained by one of them against any of the others to recover a balance alleged to be due from him on account of the transactions of the copartnership, until an accounting had been had and the balance ascertained.   (*Riddell* v. *Ramsey,* 31 Mont. 386, 78 Pac. 597; *Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413.)   Under the statute, however (Rev. Codes, sec. 4897), the relation of the parties being merely that of joint or joint and several obligors, an action at law can be maintained by one of them against any one of the others, upon the theory that each of them upon assuming the relation impliedly agreed to contribute to every other such sum as the other should be compelled to pay in his behalf.

(*Taylor* v. *Reynolds,* 53 Cal. 686; 9 Cyc. 794.) The question whether all the delinquents may be made defendants in the one action and separate judgments recovered against them is not presented in this case.

Equally without foundation is the assertion of counsel that the evidence clearly establishes the second defense. The only reference to the subject in the evidence is found in the statement [5, 6] of plaintiff Croft, in response to a question put to him by counsel for defendant, that, so far as he knew, the firm had not complied with the requirement of the statute. This falls short of affirmative proof of the fact of noncompliance. It goes no further than to evince want of knowledge by the witness of the fact inquired about. To be sure, it appears strange that a member of a firm engaged in business should be ignorant with regard to such a matter. But the avowal of ignorance of a fact is not proof of the fact by the witness making the avowal, even though the circumstances indicate that he ought to be informed. Lack of knowledge on the part of Croft is entirely consistent with the fact that other members of the firm had seen to it that the statute had been fully complied with. The disability imposed by section 5505 for failure to comply with the requirement of section 5504 cannot be of avail to the defendant except upon affirmative allegation and proof. It is in the nature of matter in abatement. (*Reilly* v. *Hatheway,* 46 Mont. 1, 125 Pac. 417; *California Sav. & L. Soc.* v. *Harris,* 111 Cal. 133, 43 Pac. 525.) The inhibition does not destroy the right of action upon which recovery is sought, but merely imposes a disability to maintain the action thereon until the requirement of section 5504 has been complied with.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. JUSTICE HOLLOWAY, being absent, takes no part in the foregoing decision.